(101 So. 749)

### SITZ et al. v. ROBERTSON.
### (7 Div. 452.)

(Supreme Court of Alabama.   Oct. 30, 1924.)

1. **Chattel mortgages** ⊗=17—**Fully performed verbal rental contract sufficient to sustain chattel mortgage on crops to be grown.**

A verbal rental contract will create sufficient interest in land to support a mortgage for crops to be grown thereon, where such contract has been fully performed.

2. **Appeal and error** ⊗=690(2)—**Objection to introduction of mortgage in evidence without notice not sustainable, where record does not show such mortgage was proved.**

On appeal, defendant cannot complain that mortgage given to plaintiff was erroneously admitted in evidence in that it violated rule 64 of chancery practice requiring that opposing solicitor must be served with one day's notice before hearing that such exhibits will be proved, where record does not show that mortgage was proved at hearing.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill in equity by W. F. Robertson against Pelham Sitz, Herbert Sitz, and J. A. Winkle. Decree for complainant, and defendants appeal.   Affirmed.

J. M. Miller, of Gadsden, for appellants.

Counsel insists for error in the decree, and cites Code 1907, § 4289 (1, 7); 3 Mayfield's Dig. 354; Elyton Land Co. v. Iron City Steam Bot. Works, 109 Ala. 602, 20 So. 51; Mortgage Co. v. Sewell, 92 Ala. 171, 9 So. 143, 13 L. R. A. 299; Hooper v. Strahan, 71 Ala. 75; Winter v. Merrick, 69 Ala. 86; Chancery rule 64, Code, 1907, p. 1546.

Shelton Street, of Gadsden, for appellee.

The lease contract does not offend the statute of frauds. Phillips-Neely Mer. Co. v. Banks, 8 Ala. App. 549, 63 So. 31; Code 1907, § 3969.

SAYRE, J.   [1] Appellee had a decree on his bill filed in the circuit court of Etowah county sitting in equity, foreclosing the lien of an equitable mortgage on one bale of cotton grown by defendant Winkle on land rented from one Campmire and delivered to defendants Pelham and Herbert Sitz. Winkle had a parol agreement for the lease of the land for the year 1920. This agreement was entered into in October, 1919. Thereafter, but in the same month, Winkle, to secure a debt to complainant, executed a mortgage of his crops to be grown in 1920, and the bale subjected to the payment of the said debt was a part of the crop raised by Winkle in that year. Winkle went into possession during the last week of 1919. Defendants Pelham and Herbert Sitz pleaded the statute of frauds for that the con-

---

⊗=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tract of lease · was void, because the rent was not at the time of its execution paid, nor was Winkle put in possession by his lessor. This objection to the right claimed and, shown by complainant—as well as others of similar nature which might have been suggested with equal reason—is completely answered by the opinion in Phillips-Neely Mercantile Co. v. Banks, 8 Ala. App. 549, 63 So. 31. There is no· need to repeat what is there said. It is enough now to say that the lease contract had been fully performed and was therefore immune to the objection taken against it by defendants. Cases cited on page 272 of Kling v. Tunstall, 124 Ala. 268, 27 So. 420.

Pelham and Herbert Sitz are parties defendant, and in paragraph one of the bill it is averred that they were of age and engaged in the mercantile business under the firm name of Pelham, Sitz & Co. The answer admits that the Sitz parties were of age, but denies the remainder of the paragraph. Referring to the testimony of Winkle, who says the cotton in controversy was turned over to Pelham, Sitz & Co., defendants insist that the averment of the bill that Pelham and Herbert Sitz were engaged in business as Pelham, Sitz & Co. was not proved. But complainant testifies that the cotton was turned over to Pelham and Herbert Sitz. Conceding for· the argument the materiality of the point and the sufficiency of the answer to raise it, it will suffice to say that the stated evidence warrants the inference that the Sitzes were doing business as Pelham, Sitz & Co., and this inference suffices to answer the contention stated.

[2] Appellants also insist that Exhibit A, the mortgage given by Winkle to complainant, was erroneously admitted in evidence, because complainant in introducing the mortgage, over defendant's objection, violated rule 64 of Chancery Practice, which requires that the opposing solicitor must be served with one day's notice before the hearing that such exhibits will be proved at the hearing. It would seem to be enough to note that there is nothing to show that Exhibit A was proved at the hearing. There is evidence to the effect that the mortgage was executed; but whether this evidence was heard by the court, or whether it was taken by deposition, does not appear. Non constat, the mortgage was proved when depositions were taken by the register or commissioner, and, if so, defendants may be presumed to have had opportunity to offer evidence, if any they had, in denial of its execution.

The court is of opinion that the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.