(107 So. 57)

**JAMES SUPPLY CO. et al. v. FROST et al.**
**(8 Div. 752.)**

(Supreme Court of Alabama.   Nov. 5, 1925.
Rehearing Denied Jan. 21, 1926.)

1. **Equity** ⬤➡148(3)—**Bill seeking to have conveyance declared fraudulent and void, or, in alternative, as general assignment for benefit of creditors, is not multifarious.**

Bill seeking to have conveyance declared fraudulent and void, or, in the alternative, as general assignment for benefit of creditors, is not multifarious.

2. **Fraudulent conveyances** ⬤➡302—**Allegations and proof held to show certain defendants were innocent purchasers for value of note and mortgage alleged to be void as in fraud of creditors.**

In a bill, under Code 1923, § 8038, by judgment creditors to have a mortgage declared fraudulent and void, or, in the alternative, as a general assignment for benefit of creditors, allegations and proof *held* to show that certain codefendants were innocent purchasers for value of the note and mortgage.

3. **Novation** ⬤➡3—**Payment of debt by stranger or debtor extinguishes demand as between debtor and creditor.**

To constitute a consideration for the extinguishment of a debt or demand by accepting a new debtor, it is enough that the creditor sustains the detriment which follows from the extinguishment of his demand against the original debtor, and a debt may be paid by a stranger or by the debtor, and as between the debtor and creditor the demand is extinguished by the payment, no matter from whom it proceeds.

4. **Mortgages** ⬤➡25(2)—**Discharge by creditor of part of debt of company owing him held sufficient consideration for promise of officer of company to execute mortgage on his individual property to creditor.**

Discharge by creditor of part of debt of a company owing him *held* sufficient consideration for a promise of an officer of the company to execute mortgage on his individual property to creditor for the amount of the debt of the company so reduced.

5. **Fraudulent conveyances** ⬤➡154(1) — **Mere omission to record conveyance is itself not evidence of fraudulent intent.**

Mere omission to record conveyance is itself not evidence of fraudulent intent for the mere omission may consist with good intentions.

6. **Corporations** ⬤➡430 — **Contract between creditor of corporation and officer thereof in latter's individual capacity, whereby creditor reduced corporate debt to him, was not void, but only voidable at instance of corporation.**

Contract between creditor of corporation and officer thereof in latter's individual capacity, whereby creditor reduced corporate debt to him, was not void, but only voidable at instance of corporation and could be ratified by it.

7. **Fraudulent conveyances** ⬤➡205—**Judgment creditors' right to disaffirm contract of their debtor with creditor of corporation depends only on its fraudulent character.**

Complainants' right, under Code 1923, § 8038, to avoid a mortgage of their debtor, a corporate officer, to creditor of the corporation, depended only on the fraudulent character of such contract and not on the ground that the contract did not bind the corporation; especially where there was evidence justifying conclusion corporation and its stockholders ratified the transaction.

8. **Frauds, statute of** ⬤➡139(4)—**Performance of verbal contract to execute mortgage to secure debt rendered such contract binding from its inception.**

Performance of verbal contract to execute mortgage to secure debt rendered such contract binding from its inception, and Code 1923, § 8034, did not apply.

9. **Fraudulent conveyances** ⬤➡295(1) — **Complainants held not entitled to have mortgage declared fraudulent and void, or, in alternative, a general assignment for benefit of creditors.**

Complainant judgment creditors instituting bill under Code 1923, § 8038, *held* not entitled to have mortgage declared fraudulent and void, or, in alternative, a general assignment for benefit of creditors.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Bill in equity by the James Supply Company and the American Bank of Commerce & Trust Company against Thomas H. Frost, Rebecca C. Frost, Mollie M. Hoffman, and R. N. Cartwright. From a decree denying relief, complainants appeal. Affirmed.

The opinion of the circuit judge is as follows:

"This is a creditor's bill, filed by complainants as judgment creditors of defendant Thomas H. Frost, seeking to have a certain note and mortgage executed by him to defendant C. N. Cartwright to be declared fraudulent and void, and, in the alternative, to have it declared a general assignment for the benefit of creditors under the statute, as being a conveyance of substantially all of said debtor's property subject to execution. The bill, while filed on behalf of complainants alone, prays that, in the event the note and mortgage be found to be a general assignment for the benefit of creditors, it be so declared 'for the benefit of all the creditors' of Frost. After the bill was amended, C. N. Cartwright filed an answer thereto, in which he sets up that he was not then, nor was he at the time the bill was filed, the owner of the note and mortgage mentioned in the bill, but that on January 16, 1923, he had transferred them to L. P. Cartwright, G. H. Wood, and R. N. Cartwright, Jr., for value, and that they were the owners in due course, and without notice of the indebtedness owing by Frost to complainants; thereupon complainants amended their bill by making said parties defendants to said bill and praying process against them, but without changing the

averments as originally made in the bill as first amended.

"Thereupon these new-made defendants filed an answer to the bill as amended, setting up that they were bona fide purchasers of the note and mortgage on January 16, 1923, holders in due course, for value, and without notice, etc. It is averred that complainant James Supply Company obtained its judgment against Frost on March 21, 1922, and that complainant American Bank of Commerce & Trust Company obtained its judgment on March 22, 1922. While complainants aver that they are judgment creditors, the bill is not filed under section 7338 of Code of 1923, as they do not aver that execution has been issued and returned "no property found"; so it must be held as having been filed under section 8038 of Code of 1923, as simple contract creditors, with a lien only from the date their respective judgments were recorded in the office of the judge of probate. Code, § 7875.

"The facts are these: The Fulton Cotton Mill Company was indebted to defendant R. N. Cartwright for cotton sold by him to it in the sum of $5,918.69; this indebtedness was evidenced by the note of said company of date December 15, 1920. The defendant Frost was an officer of the Fulton Cotton Mill Company; and, some of the creditors of said company insisting that it reduce some of its home indebtedness, Frost, on May 31, 1921, went to R. N. Cartwright and proposed that, if Cartwright would enter a credit on his note against the Fulton Cotton Mill Company of $2,500 he, Frost, would make him a note and mortgage covering Frost's homestead, being a house and lot. This was agreed to by both Frost and R. N. Cartwright verbally. Cartwright entered the credit of $2,500 on the Fulton Cotton Mill note, and said company took credit for it on its own books. In other words, Cartwright's debt against the Fulton Cotton Mill Company was reduced $2,500. Frost did not carry out the verbal agreement made on May 31, 1921, until December 24, 1921, when he executed to R. N. Cartwright his note for $2,500, payable January 1, 1925, and a mortgage on his homestead to secure it. In other words, Frost carried out his verbal agreement made with R. N. Cartwright, but did not do so until December 24, 1921.

"On January 16, 1922, in consideration of their assuming his liability on what is called the 'McClellan property,' R. N. Cartwright transferred and assigned, without recourse on him, the said note and mortgage to L. P. Cartwright, G. H. Wood, and R. N. Cartwright, Jr. It will be noted that this was before complainants obtained their several judgments against Frost.

[1] "While it was once held that a bill of this character could not be filed in a double aspect (Green v. Wright, 160 Ala. 476, 49 So. 320), after the adoption of section 3095, Code 1907, it is now uniformly held that seeking to have a conveyance declared fraudulent and void, or, in the alternative, as a general assignment for the benefit of creditors, does not render a bill multifarious. Smith v. Young, 173 Ala. 197, 55 So. 425; Wilson v. First National Bank, 209 Ala. 70, 95 So. 340; Killian v. Trigg, 209 Ala. 352, 96 So. 409; Hard v. American Bank, 200 Ala. 264, 76 So. 30; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139.

[2] "The first question that I see proper to consider is this: Are these new defendants (L. P. Cartwright, G. H. Wood, and R. N. Cartwright, Jr.), under the allegations of the bill as amended and the proof, liable in this case? The bill makes no charge of fraud against them; the suits of complainants against Frost were not notice to them (Acts 1915, p. 122); the doctrine of lis pendens does not apply (2 Pom. Eq. [3d Ed.] §§ 636, 635, 640; Hailey v. Ano, 136 N. Y. 569, 32 N. E. 1068, 32 Am. St. Rep. 764); they are not shown to have had actual notice; they paid a consideration by releasing R. N. Cartwright from liability on the McClellan property; they bought commercial paper before maturity. As said in Burnwell Coal Co. v. Setzer, 203 Ala. 396, 83 So. 139, so far as these defendants are concerned: 'This case must therefore be considered under the rule relating to fraudulent grantees for a new or subsequent consideration, as distinguished from those who purchased as creditors, or for an antecedent debt.'

"No fraud is alleged or proved against these three defendants, and when we consider the case under its alternate allegations—that is, as a general assignment—complainants show no right of recovery against them. For it is said: 'When the relation between grantor and grantee and the form of the transaction do not on their face import an arrangement to which the statute assigns a particular operation and effect, without regard to the intention of the parties, *as where it purports to be a sale to a person not a creditor*, but the transaction is in truth nevertheless a disposition of all the grantor's property, with intent to pay debts and evade the statute, it becomes necessary to aver its true meaning and intent.' Elliott v. Kyle, 176 Ala. 379, 58 So. 309. (Italics supplied.) There is no such averment in this case. On the averments and proof, I am of opinion, and so hold, that these three defendants are not liable in this case, but that they are innocent purchasers for value of the note and mortgage involved in this suit.

[3, 4] "As the defendant Frost suffered a decree pro confesso to be rendered against him, the only remaining question in the case is: Is R. N. Cartwright liable? In answering this question, the first theory of the bill, that the conveyance was fraudulent and void, will be considered. It is urged by complainants, and so the bill charges, that there was no consideration for the contract between Frost and R. N. Cartwright, but this contention cannot be sustained. 'It is enough that the creditor sustains the detriment, which follows from the extinguishment of his demand against the original debtor. * * * A debt may be paid by a stranger, or by the debtor, and as between the debtor and the creditor, the demand is extinguished by the payment, no matter from whom it proceeds.' Underwood v. Lovelace, 61 Ala. 157. The discharge of $2,500 of the debt of the Fulton Cotton Mill to himself is sufficient consideration for the new promise. Perry v. Gallagher, 17 Ala. App. 114, 82 So. 562; Howard v. Rhodes, 17 Ala. App. 26, 81 So. 362.

[5] "There are some badges of fraud in the case, among others, the omission to record the conveyance; but this of itself is not evidence of a fraudulent intent, 'for the mere omission may consist with good intentions.' Mathews v. J. F. Carroll Mer. Co., 195 Ala. 505, 70 So. 144.

"After a consideration of the undisputed evidence, I am of opinion that the averment of the

bill that the conveyance was executed for the purpose of hindering, delaying, or defrauding the creditors of Frost has not been proven; especially is this true when the bill only charges that it was fraudulent and void because it is alleged that the conveyance was without consideration, and not because of any fraudulent intent participated in by R. N. Cartwright.

"Did the execution of the note and mortgage by Frost constitute under the statute a general assignment which will inure to the benefit of his creditors? This statute (section 8040, Code 1923), is not intended to declare conveyances fraudulent and void, but simply to blot out intended preferences or priorities. Dadeville Oil Mill v. Hicks, 184 Ala. 371, 63 So. 970. By the very terms of the statute itself it does not apply to 'mortgages or pledges or pawn given to secure a debt contracted contemporaneously with the execution of the mortgage, or pledge or pawn and for the security of which the mortgage, or pledge or pawn was given.' This statute, being in derogation of the common law, must be strictly construed. Smith v. McCadden, 138 Ala. 292, 36 So. 376; 25 R. C. L. 1056.

"If the note and mortgage had been executed by Frost to Cartwright on May 31, 1921, it would have been valid, not only because it antedated complainant's debts, but because, as said in Anniston Carriage Works v. Ward, 101 Ala. 676, 14 So. 417, about the mortgage to William Noble: 'He has no interest in what disposition is made of the money paid by him for the property. The mortgage to him was to secure a debt contracted contemporaneously with the execution of the mortgage.' Respondents contend that an agreement to give a mortgage, based upon a sufficient consideration, will be treated in equity as a mortgage upon the theory that equity considers that as done which by agreement ought to be done. 1 Jones on Mortgages (5th Ed.) § 164; 19 R. C. L. 275, 276; Foster Lumber Co. v. Harlan, 71 Kan. 158, 80 P. 49, 114 Am. St. Rep. 470, 6 Ann. Cas. 44; Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000; 4 Am. St. Rep. 700, note; 1 Am. St. Rep. 237, note; and see Price v. Cutts, 29 Ga. 142, 74 Am. Dec. 55, 56; and Coster v. Bank, 24 Ala. 59, 60.

"It is true that it is a maxim of equity jurisprudence that equity regards that as done which was agreed to be done (1 Pom. Eq. [3d Ed.] § 368; 10 R. C. L. 383); but that principle is not applicable in this state (except as hereinafter noted) when the contract or agreement sought to be enforced is void by reason of our statute of frauds. Our statute (section 8034, Code 1923), declares void every contract for the sale of lands, or any interest therein, 'unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession' of the land by the seller'; and most of the cases above cited from other states were decided upon the peculiar phraseology of their respective statutes of frauds, or by reason of some other statute.

"Under our statute, in order for an agreement with reference to an interest in land to constitute an equitable mortgage, said agreement must be in writing. Edwards v. Scruggs, 155 Ala. 568, 46 So. 850; 27 Cyc. 983, 984; 3 Pom. Eq. [3d Ed.] § 1235; W. T. Rawleigh Co. v. Timmerman, 205 Ala. 234, 87 So. 372. Respondents contend that where such an agree-

ment has been partially executed that under the statute the contract is only voidable but not void. It must be admitted that under the older authorities such was declared to be the law in this state (Shakespeare v. Alba, 76 Ala. 355; Cooper v. Hornsby, 71 Ala. 62; Comer v. Shehan, 74 Ala. 452); but those decisions have been departed from, and it is now the law in Alabama that such a contract or agreement is absolutely void (Ex parte Banks, 185 Ala. 275, 64 So. 74; Barclift v. Peinhardt, 18 Ala. App. 342, 92 So. 208; Flinn v. Barber, 64 Ala. 193; Prestwood v. Carlton, 162 Ala. 344, 345, 50 So. 254.

"This being the law, when R. N. Cartwright made the verbal agreement with Frost in May, 1921, if the statute of frauds could have been and had been pleaded by complainants as against the validity of said agreement, I would be compelled to hold that said agreement did not create an equitable mortgage, that said contract only made him a creditor of Frost, and that the subsequent execution by Frost of the note and mortgage in December, 1921, was to secure a pre-existing debt, and, as the proof shows that it was a conveyance of substantially all of Frost's property subject to execution, that its effect was a general assignment for the benefit of his creditors, and that complainants would be entitled to relief; but, the statute of frauds, in order to be a defense, must be specially pleaded (Carter v. Fischer, 127 Ala. 54, 28 So. 376; Prestwood v. Carlton, 162 Ala. 346, 50 So. 254); and a stranger to the contract cannot plead or raise the question (Prestwood v. Carlton, 162 Ala. 346, 50 So. 254; Bain v. Wells, 107 Ala. 569, 19 So. 774; 25 R. C. L. 732; 9 Ency. Plead. & Prac. 703); and if complainants had the right to plead it in this case, they have not done so. Our Supreme Court has held that, where a contract is void only because it is offensive to the public policy of the state which a statute established (and not immoral or evil in itself), and the statute of frauds is not pleaded to it, that it is enforceable. Ex parte Banks, 185 Ala. 277, 278, 64 So. 74; Douglass v. Standard Real Estate Co., 189 Ala. 224, 66 So. 614. It is upon this principle that the decision in Coster v. Bank, 24 Ala. 59, can be sustained. See Morrow v. Turney, 35 Ala. 136. Although the statute of frauds of Ohio did not declare such contracts void where the statute was not pleaded, it was held that such a contract 'was binding upon the conscience' of the contracting party, and such a contract was enforced by the court where it had been carried out in good faith by the contracting parties, even though the complaining creditor had obtained a judgment against the grantor between the time the agreement was made and the time the conveyance was executed. Minns v. Morse, 15 Ohio, 568, 45 Am. Dec. 590-592.

"If it be said that such a construction of our statute of frauds is illogical, or that its effect in cases of this kind will result in many instances of nullifying our statute or general assignment by a debtor, my answer is, that that is a matter with which this court has nothing to do; I can only declare the law to be as I find in it the books.

"As the statute of frauds was not pleaded in this case, the result is, under the doctrine that equity regards as done what ought to have been done, that by the verbal agreement between Frost and R. N. Cartwright an equitable mort-

gage was created on May 31, 1921, and therefore that section 8040 of the Code of 1923 does not apply. This results in denying complainants any relief."

R. B. Patton and J. G. Rankin, both of Athens, for appellants.

A debtor cannot act for himself and corporation creditor to effect a novation or release himself from liability to the corporation. Gallery v. Exchange Nat. Bank, 41 Mich. 169, 2 N. W. 193, 32 Am. Rep. 149; Kirchman v. Standard Coal Co., 112 Iowa, 668, 84 N. W. 939, 52 L. R. A. 318. A promise to pay the debt of another is without consideration, without the assent of such third person. Stoudenmire v. Ware, 48 Ala. 589; Richardson v. Fields, 124 Ala. 535, 26 So. 981. A conveyance of all, or substantially all, of a debtor's property in payment or security of a pre-existing debt, is a general assignment, and the grantee is trustee for creditors. Code 1923, § 8040; Bryant v. Young, 21 Ala. 264; Lockard v. Nash, 64 Ala. 385; Muskegon Co. v. Phillips, 113 Ala. 314, 21 So. 822; Anniston Carriage Wks. v. Ward, 101 Ala. 670, 14 So. 417; Locke v. Martin, 145 Ala. 274, 40 So. 387. Extension of time to an insolvent debtor is not sufficient to uphold a general assignment, and take it without the operation of the statute. Code 1923, § 8040; Aycock v. Ft. Branch Mill. Co., 182 Ala. 326, 62 So. 94. Equity will not regard that as done which was promised to be done, when it will operate to defeat the rights of innocent third persons. Casey v. Cavaroc, 96 U. S. 492, 24 L. Ed. 779. The doctrine is only applicable when there has been a failure to discharge an obligation resting upon the party against whom it is invoked. Good v. Jarrad, 93 S. C. 229, 76 S. E. 698, 43 L. R. A. (N. S.) 383. It cannot be invoked to enforce an invalid contract. 21 C. J. 201; 27 Cyc. 983.

Wall & Mayhall, of Athens, for appellees.

Dealings between a corporation and its officers are only voidable at the election of the corporation, and become binding if acquiesced in by the corporation. O'Connor Min. Co. v. Coosa Fur. Co., 95 Ala. 614, 10 So. 290, 36 Am. St. Rep. 251. When a mortgage is given to secure a debt presently contracted, or contracted on the faith and promise that it should be given, the mortgagee is a bona fide purchaser for valuable consideration, and entitled to protection against equities of which he has no notice. Coleman v. Smith, 55 Ala. 369; Watts v. Burnett, 56 Ala. 340. When a parol agreement has been performed by delivery of formal mortgage, all objection to validity of the agreement is removed. 1 Jones on Mortgages, 238; W. T. Rawleigh Co. v. Timmerman, 205 Ala. 233, 87 So. 372; Parmer v. Parmer, 88 Ala. 545, 7 So. 657; Kling v. Tunstall, 124 Ala. 272, 27 So. 420; Ex parte Banks, 185 Ala. 277, 64 So. 74; Prestwood v. Carlton, 162 Ala. 342, 50 So. 254; Phillips-Nelly Co. v. Banks, 8 Ala. App. 549, 63 So. 31; Sitz v. Robertson, 212 Ala. 99, 101 So. 749; Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000. Equity will treat as done that which, by agreement, is to be done. Jones on Mortgages (7th Ed.) 236, 238. A bona fide purchaser for value will be protected, though he purchased from a fraudulent grantee. 12 R. C. L. 608; 7 Michie's Ala. Dig. 667; McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54; Thames v. Rembert's Adm'r, 63 Ala. 561.

GARDNER, J. This is a creditor's bill, seeking to have declared void a mortgage executed by the debtor, Thomas H. Frost, to respondent R. N. Cartwright, executed December 14, 1921, upon the ground the same was without consideration, or, in the alternative, to have said mortgage declared a general assignment under the provisions of section 8040, Code of 1923. The court below denied relief as to either alternative upon which relief was sought, and dismissed the bill. From this decree complainants have prosecuted this appeal.

The learned chancellor has accompanied his decree with an opinion which fully states the case, and in which the pertinent authorities are cited. Upon a review of the cause we find ourselves in the main in accord therewith, and the reporter is therefore directed to set out the opinion of the chancellor in the report of the case.

[6, 7] We will briefly add a few observations in answer to further argument here pressed. It is suggested that the transaction between Frost and Cartwright was not binding on the corporation, as he was an interested officer. In any event, however, such a contract is only voidable at the instance of the corporation, and may be ratified by it. There is evidence justifying the conclusion that the corporation and its stockholders have acquiesced in the transaction. But the right to disaffirm upon this ground does not exist in the creditors; their right to impeach the transaction depends upon its fraudulent character. O'Conner, etc., Co. v. Coosa Furnace Co., 95 Ala. 614, 10 So. 290, 36 Am. St. Rep. 251. This insistence is therefore without merit.

[8] Upon that phase of the case seeking to have the mortgage declared a general assignment, the chancellor has cited several cases applicable to the question of the statute of frauds. But here the parol agreement to execute the mortgage has been performed, the mortgage executed, and therefore the contract is rendered immune to this objection. Sitz v. Robertson, 212 Ala. 99, 101 So. 749; Kling v. Tunstall, 124 Ala. 268, 27 So. 420. By such performance, under the doctrine of relation, the contract becomes binding from its inception. Phillips, etc., Merc. Co. v. Banks, 8 Ala. App. 549, 63 So. 31, reviewed by this court in Ex parte Banks, 185 Ala. 275, 64 So. 74, and subsequently cited with

approval in Sitz v. Robertson, supra. See, also, 1 Jones on Mortgages (7th Ed.) § 164.

[9] Complainants were not creditors of Frost at the time of the parol agreement to execute the mortgage. Had the mortgage been executed at that time and not recorded, this fact would not have affected the question here under consideration. There is no charge of actual fraud, and it does not appear that complainants have suffered any injury by reason of the conclusion reached.

We conclude with the chancellor that complainants are not entitled to relief upon either aspect of the bill, and that therefore the decree rendered should be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.