# Silvey & Co. *v.* Vernon and Wife.

*Bill by Existing Creditor to Subject Land Conveyed to the Wife of an Insolvent Debtor.*

(Decided July 2, 1907.   45 So. Rep. 68.)
(Rehearing denied Dec. 19, 1907.)

*Fraudulent Conveyances; Husband and Wife; Conveyances to Wife by Third Person.*—The relationship between husband and wife operates to raise the presumption that the consideration of a conveyance to the wife moved from the husband; and, where the insolvency of the husband, the relationship of husband and wife between the debtor and the grantee in the conveyance, and the existence of the debt was shown or admitted, the burden of proving that the consideration was afforded alone by the wife, out of her separate estate, and not by her husband, rests on the wife, under a bill by an existing creditor seeking to subject real estate conveyed by a third person to the wife of the insolvent debtor, to his demand.

APPEAL from Jefferson Chancery Court.

Heard before Hon. Alfred H. BENNERS.

Bill by John Silvey & Co., as existing creditors of F. H. Vernon, against F. H. Vernon and Frances H. Vernon, his wife, to subject to the payment of complainants' debt certain real estate, alleged to have been purchased with funds of the husband, and title thereto taken in the name of the wife. From decree dismissing the bill, complainants appeal. Reversed.

The fact of indebtedness and coverture was admitted, but it was denied in the answer of both respondents that the property was purchased with funds belonging to the husband, but it was asserted therein that the property was purchased with money belonging to the separate estate of the wife and by her earnings. The complainants proved their debt, and that the property was purchased during coverture. The respondents introduced no evidence to show by whom or how the property was acquired.

[Silvey & Co. v. Vernon and Wife.]

POWELL & BLACKBURN, for appellant. Appellants make out a prima facie case and are entitled to a decree when they show three facts. 1st, a debt or judgment due appellant by appellee Vernon at the time of the execution and delivery of the conveyance to the property described. 2nd, the coverture of the appellee at the time of said conveyance.- 3rd, insolvency of the appellee F. H. Vernon at the time of the conveyance.—*Kelly v. Connell*, 110 Ala. 543; *Seitz v. Mitchell*, 94 U. S. 580; *Bangs v. Edwards*, 88 Ala. 382; *Woods v. Peebles*, 121 Ala. 100; *Robinson v. Mosely*, 92 Ala. 70; *Wimberly v. Montgomery Fert. Co.*, 31 South. 524. The answers of respondent were insufficient in law.—*Zellnicker v. Brigman & Co.*, 74 Ala. 598.. The court will award such relief as may be consistent with the case made.—*Rice v. Eiseman*, 25 South. 214.

JOHN H. MILLER, and EDMUND H. DRYER, for appellee. The appeal should be dismissed on the authority of *Johnson, et al. v. 1st Nat. Bank*, 145 Ala. 378; *Moore, et al. v. Burns*, 60 Ala. 269; *Chamblee v. Cole*, 128 Ala. 649. Residence is necessary to be averred in chancery pleading and proved as laid.—*Liddell v. Carson*, 122 Ala. 518; Storey's Eq. sec. 26. The earnings of the wife are her separate property, and she may contract with her husband.—Secs. 2521 and 2526, Code 1896. Under the facts as alleged the plaintiff is not entitled to recover.—*Wood v. Riley*, 121 Ala. 100; *Bangs v. Edwards*, 88 Ala. 382; *Wimberly v. Montgomery Fert. Co.*, 132 Ala. 108.

McCLELLAN, J.—On a bill filed by an existing creditor (at the time the transaction assailed took place) to subject real estate conveyed by a third person to the wife of the insolvent debtor, the onus to prove that the

consideration was afforded alone by her, out of her separate estate, and not by the husband, passes to and rests upon her when coverture of the debtor and the grantee, insolvency of the debtor, and the existence of indebtedness, are shown or admitted. This principle is expressly decided in *Kelley v. Connell*, 110 Ala. 543, 18 South. 9. The relation obtaining between the insolvent husband and the grantee, the wife, operate to raise the presumption that the consideration for the conveyance moved from him, and not from her. As said in the Kelley-Connell Case, "a distinction is taken where that relation does exist, and it is well established that in such case the presumption is that the consideration moved from the husband, and to overcome this presumption the wife, grantee in the conveyance from the third person, must affirmatively show that the consideration moved from her; that she paid the purchase money with her own funds, and not with the funds of her husband directly or indirectly." The cause was submitted, so far as this question is concerned, on bill and answers. The indebtedness and the insolvency of the debtor and coverture being admitted, the burden was hers to rebut the presumption attending. This she did not do, and so, the complainant was entitled to the relief prayed.

It follows that the decree of the chancellor in dismissing the bill will be reversed, and one will be here rendered granting the relief sought by the bill, to which end, the conveyances, to respondent Frances Honora Vernon, describing the lands mentioned in paragraph 7 of the bill, are hereby canceled, and the said real estate is declared subject to sale for the satisfaction of complainant's demand, unless within 30 days after the enrollment of this decree the said demand is paid, together with the costs here and in the court below.

Reversed and rendered.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.