(111 So. 221)

**HOLLEY et al. v. HARRIS.   (5 Div. 955.)**

(Supreme Court of Alabama.   Jan. 13, 1927.)

1. **Cancellation of instruments** &hArr;37(8)—Cancellation of contract to convey property for support for life held authorized in equity under allegations showing breach and inadequacy of legal remedy.

Bill to cancel contract to convey property in consideration of support for life, alleging failure to furnish proper food and medical aid to plaintiff and abusive treatment by defendant, sufficiently showed breach of contract, authorizing court of equity to cancel contract; remedy at law being inadequate.

2. **Cancellation of instruments** &hArr;47—Performance by plaintiff seeking cancellation of contract to convey land for support is shown by defendants taking possession and refusing to give up property.

Bill to cancel contract to convey land to defendants in consideration of their care and support of plaintiff for life, alleging that defendants took possession of premises and refused to give it up, sufficiently showed performance by plaintiff as far as practical; it being unnecessary to directly offer to do equity.

3. **Cancellation of instruments** &hArr;35(3)—Signer of contract to convey land for support is proper party to bill to cancel contract, though not mentioned in body of contract.

In bill to cancel contract to convey land in consideration of support for life, person signing contract in possession of property is proper party respondent, though name was not mentioned in body of contract.

Appeal from Circuit Court, Elmore County; Geo. F. Smoot, Judge.

Bill in equity by C. C. Harris against S. F. Holley and M. R. Holley. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

The contract sought to be canceled is as follows:

**Exhibit A.**

"State of Alabama, Elmore County.

"This agreement is made and entered in this 17th day of June, 1921, by C. C. Harris, party of the first part, and S. F. Holley, party of the second part, to wit:

"Whereas, party of the first part agrees: To take into his house party of the second part and his wife; to turn over to him all his farm farming implements his wagon and his horse to be used by party of the second part in support of his own family and party of the first part and his wife; to have nothing to do with said property except to retain the deeds to his real estate until the death of himself and his wife then said property and real estate shall go to party of second part or his heirs and assigns forever.

"Party of the second part in consideration of the above agrees: To take possession of the above-described property; to look after and care for party of the first part and his wife; to furnish them with food and wearing apparel so long as either of them shall live unless party of the second part becomes disabled or dies first; and

"Both party of the first part and party of the second part agrees that any improvements that party of the second part shall put on said house or barns, or any house that he shall build on said property shall be his alone together with all the balance of the rest of the property without any general division added before signing, L. G., J. P., after the death of party of first part and his wife.

"Witness our hands this 17th day of June, 1921.

his
"C. C. X Harris and His Wife.
mark

her
"S. A. X Harris, Party of First Part.
mark

his
"S. F. X Holley, Party of Second Part.
mark

"M. R. Holley, Wife of S. F. Holley.

"Signed in presence of Lee Griffith, J. P., H. V. Cooper, E. C. Cooper, Witnesses."

Holley & Milner, of Wetumpka, for appellants.

A bill seeking cancellation of an instrument which does not offer to do equity is demurrable. Stewart v. Stewart, 205 Ala. 340, 87 So. 799; 9 C. J. 1241, 1207; Russell v. Carver, 208 Ala. 219, 220 (dissent), 94 So. 128. Such a bill must set out the facts with certainty showing the right to declare the instrument forfeited. 9 C. J. 1232.

Huddleston & Glover, of Wetumpka, for appellee.

Equity will intervene to cancel contracts of the type here involved for fraud in procurement or when the grantee fails or refuses to perform his obligations. Hannah v. Culpepper, 213 Ala. 319, 104 So. 751; Morrow v. Morrow, 213 Ala. 131, 104 So. 393. No offer

---

&hArr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to do equity is necessary to the bill. 9 C. J. 1242; Stewart v. Stewart, 205 Ala. 340, 87 So. 799.

MILLER J. This is a bill in equity by C. C. Harris against S. F. Holley and wife to cancel a contract made by him with S. F. Holley, which was also signed by Holley's wife, by which complainant agreed to deliver all of his property to him and to convey to Holley all of his property at his death in consideration of his caring for complainant and his wife during their lives. The respondents demurred to the bill of complaint, the court by decree overruled the demurrers, and the respondents appeal from that decree and assign it as error.

It appears from the averments of the bill that complainant owns 22 acres of land upon which was located his home and some personal property. He is now 82 years of age. On the 17th of June, 1921, he and S. F. Holley entered into a written contract, which is made part of the bill by exhibit, which was signed by them and by the wife of each. The contract has been recorded and a copy of it appears in the report of the case. M. R. Holley, wife of S. F. Holley, is a daughter of complainant. After the execution of this contract, the respondents moved into the home of complainant on this land went into possession of this real and personal property, and are still in possession of all of it. Complainant and his wife lived in this home with the respondents until the death of complainant's wife, on the 4th of May, 1924, and he continued to live there until October 1, 1925, when he left the respondents and his home and has not lived there or with them since. The respondents are in possession of this property, refuse to give it up to him, pay him nothing for the use of it, and this is all of the property owned by him.

The breaches of the contract are averred in the bill as follows:

"Complainant further avers that during the time from, to wit, June 17, 1921, to, to wit, May 4, 1924, respondents did not fully support and did not properly care for complainant and his said wife, the said S. A. Harris, and that during the time from, to wit, May 4, 1924, to, to wit, October 1, 1925, the respondents did not properly care for complainant in this, to wit, that during said last-named time complainant was subject to have, without warning, certain 'spells' and would fall and would have to be helped up by some person other than himself, and the respondents well knowing this condition of the complainant, on numbers of occasions, left the complainant at his home by himself and stayed miles away for hours at a time, did not furnish complainant with suitable food, and when complainant talked to respondent M. R. Holley about the care and treatment he received she invariably replied to complainant by abusing him with insulting language, and complainant avers that neither of the respondents provided him a way to attend his church as he was accustomed to do, and complainant avers he was mistreated by the respondents in other ways than has just been alleged."

The respondent S. F. Holley agreed in the contract to look after and care for complainant and his wife; to furnish them with food and wearing apparel so long as either of them shall live.

[1] The facts alleged in the bill are sufficient to show the breaches of the contract by the defendant S. F. Holley. The contract calls for continuous personal acts and services to be rendered by him for complainant and his wife. The remedy at law for the various breaches of it by continuous suits would be inadequate. It has been held that relief may be obtained in equity by canceling such contracts when so breached. So we must and do hold there is equity in the bill and the facts alleged are sufficient to show breaches of the contract by the respondent S. F. Holley; and if true to authorize the court to cancel the contract. Mooney v. Mooney, 208 Ala. 287, 94 So. 131; Russell v. Carver, 208 Ala. 219, 94 So. 128.

[2] The averments show a performance by complainant of his part of the contract as far as it is practical at this time. He permitted the respondents to come into his house, and they are still there. He turned over to them all of his property, and the bill avers:

"That the respondents are still in possession of his said property and his said home and refuse to give it up to him."

A decree ordering specific performance of such contracts is not practical, as the contract calls for continuous acts of personal service. The complainant having performed now, as far as practical, his part of the contract, it was not necessary for him to directly offer to do equity. Authorities supra.

[3] It is true that M. R. Holley's name does not appear in the body of the contract, but she signed it, and the bill avers she is in possession of the property with her husband, and they refuse to give it up to the complainant. This would make her a proper party respondent. Authorities supra.

The decree, overruling the demurrers to the bill of complaint is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.