(125 So. 060)

### HOLLEY v. HARRIS. (5 Div. 8.)

Supreme Court of Alabama. Jan. 16, 1930.

G. P. Benton, of Fairfield, and Holley & Milner, of Wetumpka, for appellant.

Huddleston & Glover, of Wetumpka, for appellee.

BOULDIN, J. The bill was filed to cancel a contract in writing for the conveyance of property, real and personal, upon consideration that the grantee should maintain and support the grantor and his wife so long as either should live, and to reclaim the possession of the property.

The wife of the grantor and the wife of the grantee both signed the document, but are not named as parties in the body thereof. The wife of the grantee was joined as party respondent upon averments held sufficient on former appeal. Holley v. Harris, 215 Ala. 442, 111 So. 221. On final hearing, complainant was decreed relief as prayed.

The wife alone brings the case here on affidavit under Code, § 6138, without security for cost of appeal.

Appellee moves to dismiss the appeal for want of security for cost.

The case is essentially one for the recovery of property, not for the performance of some act or duty, as defined in Scott v. Shepherd, 215 Ala. 671, 112 So. 137.

Appellant insists this is a decree for the payment of money, in that the decree taxed respondents with the costs of suit.

Clearly enough the test made by the statute is the subject-matter of the suit, the nature of the judgment or decree touching the res, not the matter of costs, a mere incident to the suit. Appellant's contention would broaden the statute to all cases wherein a married woman loses, unless the trial court departs from the usual rule to award costs to the successful party.

The motion to dismiss the appeal must be granted.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.