(134 So. 487)

**HARTFORD ACCIDENT & INDEMNITY CO. v. GREEN, Superintendent of Banks.**

6 Div. 793.

Supreme Court of Alabama.

March 26, 1931.

Rehearing Denied May 21, 1931.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

H. L. Anderton, of Birmingham, for appellee.

## BROWN, J.

The circuit court sustained the demurrers of the bank to the appellant's petition, and it declined to plead further, and the petition was dismissed. This was a final decree, and is sufficient to support the appeal. Code 1923, § 6078; Thornton v. Highland Avenue & Belt Railroad Co., 94 Ala. 353, 10 So. 442.

The appellant predicates its claim to preferential payment over the creditors of the insolvent bank on the provisions of sections 3466 and 3468 of the Revised Statutes of the United States (sections 191 and 193 of U. S. Code Ann. title 31).

The section first above cited provides that, where any person indebted to the United States is insolvent, the debts due the United States shall be first satisfied; and the other section provides that, where the principal in any bond given to the United States is insolvent, a surety who pays the money due on the bond shall have like priority as the United States.

The indebtedness of the insolvent bank paid by the appellant arose from the deposit of money belonging to the estates of bankrupts being administered under the bankruptcy law, by trustees in bankruptcy, which came into their hands as such.

Ordinarily, a trustee in bankruptcy is selected by the creditors at their first meeting, and, as such, he represents the interest of

98

the creditors, and sometimes the interest of the bankrupt. Though the office of trustee in bankruptcy is created by federal law, the trustee is not an agent of the United States, and the funds that come into his hands, arising from the bankrupt estate, do not belong to the United States, and the United States has no pecuniary interest therein. 7 C. J. 108, §§ 176-179; U. S. F. & G. Co. v. Porter (D. C.) 3 F.(2d) 57.

In the cases cited by the appellant—United States F. & G. Co. v. Bramwell, Supt. of Banks (D. C.) 295 F. 331; Bramwell, Supt., v. U. S. F. & G. Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368—the superintendent of the Indian Reservation was an agent of the United States, and the money deposited by him created a debt due to the United States. This fact differentiates that case from the case at bar.

The effect of the deposit by the trustees in bankruptcy was to create a debt running to them as such, and it was discharged by the appellant as surety by payment to the trustees who made the deposit. The statute does not give such trustees a preference over the other creditors of the bank.

The petitioner did not seek to establish a claim which would share ratably with the other creditors, and the judgment here is that the demurrer was well sustained, and, in the absence of offer to amend the petition, it was dismissed without error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.