165 So. 224

NAFF v. FAIRFIELD–AMERICAN NAT. BANK.

6 Div. 826.

Supreme Court of Alabama.

Jan. 16, 1936.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

G. P. Benton, of Fairfield, for appellee.

GARDNER, Justice.

Complainant, Fairfield-American National Bank, as an existing creditor of defendant M. H. Naff, filed this bill against said defendant and his wife, Florence L. Naff, now residing in the state of Florida, to set aside as in fraud of creditors the real estate therein described, situated in Jefferson county, Ala., and subject the same to the satisfaction of said indebtedness.

Whatever may be said concerning the original bill as to any personal judgment sought against the defendants, it is clear the bill as last amended seeks only the subjection of the realty to the payment of complainant's claim; and the decree rendered was so specifically confined.

The legal title to the property was in the wife, and the decree subjected this property to sale, and was therefore such a decree as justified an appeal by her without bond, upon making the affidavit required by section 6138, Code 1923.

The motion of appellee to dismiss the appeal is not well taken, and a consideration of the cited cases (Holley v. Harris, 220 Ala. 417, 125 So. 660; Scott v. Shepherd, 215 Ala. 671, 112 So. 137) will sufficiently disclose the differentiation in the character of relief granted, and that these authorities are here inapplicable. The motion to dismiss the appeal is denied.

Upon the merits, little need be said. This, for the reason that defendants offered no evidence and made no effort to meet the prima facie case for relief established by complainant's pleading and proof. Silvey & Co. v. Vernon, 153 Ala. 570, 45 So. 68, 127 Am.St.Rep. 69; Hartzog v. Andalusia National Bank, 222 Ala. 170, 131 So. 433; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Schall v. Weil, 103 Ala. 411, 15 So. 829; Kelley v. Connell, 110 Ala. 543, 18 So. 9.

390

Indeed the argument for these appellants is rested solely upon the matter of jurisdiction by reason of their nonresidence. But the real estate is located in this state and in the county of Jefferson, where the indebtedness was incurred and where the deeds were executed, and the suit is one in the nature of a proceeding in rem (Gill v. More, 200 Ala. 511, 76 So. 453), seeking only the sale of the property in satisfaction of the indebtedness. The jurisdiction is therefore clearly established by our statute (section 6467, Code 1923) as well as the adjudicated cases. Moore v. Altom, 192 Ala. 261, 68 So. 326; Montgomery Enterprises v. Empire Theater Co., 204 Ala. 566, 86 So. 880, 19 A.L.R. 987.

True, as argued by appellants, personal judgment cannot be had against a nonresident on whom there has been no personal service and who did not submit to the court's jurisdiction, as often decided by this court. Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A.L.R. 160; Long v. Clark, 201 Ala. 454, 78 So. 832; Ex parte Haisten, 227 Ala. 183, 149 So. 213.

But that is not this case. Here no personal judgment was sought, and no such decree rendered. "Constructive service is sufficient to justify a judgment when the proceeding is in rem, or is of that nature." Woodfin v. Curry, 228 Ala. 436, 153 So. 620, 621. And such is the situation here presented.

The case stressed by appellants (Tigrett v. Taylor, 180 Ala. 296, 60 So. 858) is readily distinguishable on the facts as a cursory examination will disclose.

The assertion that the decree ascertained the amount due complainant, including a reasonable attorney's fee as provided in the notes, adds no weight to the argument that a personal decree was sought or rendered. The fixing of the amount due was but an essential incident to the condemnation of the property in satisfaction thereof.

It results, therefore, that the decree is free from error and due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.