194 So. 176

**PRITCHETT v. WILSON.**

6 Div. 540.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

J. B. Ivey, of Birmingham, for appellant.

Wilkinson & Wilkinson, of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal sought to be effected by a married woman under the authority of section 6138, Code.

There was a motion to dismiss the appeal on the ground that this case is not within the provisions of that section of the Code, and the cause is now being heard on that motion.

The suit was begun by appellant, a married woman, alleging the execution by her of a mortgage on her real estate to secure the purchase price of certain property, and alleges fraud in the sale of that property to her damage, on account of which she sought to have the mortgage cancelled by the court, and to have a judgment for damages.

On January 14, 1939, the court sustained a demurrer to the bill, and allowed time to amend. An amendment was filed, to which defendant demurred. On April 11, 1939, the demurrer was sustained, and the cause dismissed. Complainant sought to appeal May 3, 1939, under section 6138, Code.

Under its (section 6138, supra) authority, a married woman is permitted to appeal without giving security for the costs upon making affidavit of her inability to do so, in cases there enumerated: that is, when the judgment either (1) subjects to sale any of her property; (2) or it is for the payment of money, or (3) is for the doing or performing of any act by her.

The question here is whether the judgment sustaining the demurrer to her bill, which we have described, and dismissing it, is embraced in one of the three alternatives enumerated in the statute.

We have had numerous cases on the subject. In the case of Lea v. Phillips, 216 Ala. 35, 112 So. 323, it was held that a decree such as that here involved did not justify an appeal under section 6138, Code. To the same effect is the case of Ex parte Johns, 209 Ala. 638, 96 So. 888, there cited.

We have also held in several cases that a decree or judgment for the recovery of land is not within the statute, since it does not subject her property to sale, and is not for the payment of money, though there is a decree for costs, and does not order the performance of any specific act. Nichols v. Snead, 224 Ala. 324, 140 So. 375; Hildebrand v. First National Bank of Fairfield, 221 Ala. 216, 128 So. 219. The same result was reached in a suit by a married woman to quiet title, in which a decree was rendered for defendant. Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26; and in a statutory trial of the right to personal property in which judgment was that she did not own the property, but in which there was no condemnation of it to sale. Ex parte Watkins, 226 Ala. 634, 148 So. 335.

But the statute has express application when a decree orders land whose title is held by a married woman to be sold to satisfy her husband's debts. Naff v. Fairfield-American National Bank, 231 Ala. 388, 165 So. 224; Buell v. Miller, 224 Ala. 566, 141 So. 223, or when a decree orders her land sold in foreclosure of a mortgage, Kimbrell v. Simpson, 216 Ala. 293, 112 So. 903, or when a judgment disallows a homestead exemption and condemns her real property to sale. Murphy v. Vaughan, 226 Ala. 461, 147 So. 404.

But this result does not follow merely because the decree leaves unaffected other proceedings either begun or threatened whereby her property may in them be subjected to sale. The statute is not beneficial to her in that respect until her property is thus ordered to be sold, or is condemned to sale.

Upon the authority of the foregoing cases, and the clear language of the Code section relied on, appellant is not here in a position to take advantage of it. And although the decree was final so as to allow six months in which to appeal (Peters v. Chas. Schuessler & Sons, supra; section

148

6127, Code; Hartford Acc't & Indemnity Co. v. Green, 223 Ala. 96, 134 So. 487), that time has now expired, and it is not in our power to extend it and now allow an appeal bond to be made. Hildebrand v. First National Bank, supra; Nichols v. Snead, supra; Peters v. Chas. Schuessler & Sons, supra.

The motion to dismiss the appeal is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.