20 So.2d 102

## PAYNE v. HILL.

6 Div. 267.

Supreme Court of Alabama.

Dec. 14, 1944.

222

Chas. W. Greer, of Birmingham, for appellant.

Wm. E. James and James and James, all of Birmingham, for appellee.

GARDNER, Chief Justice.

The original bill was filed by Robert Hill, individually and as administrator of the estate of Louvina Hill, deceased, seeking as administrator a sale of certain real estate therein described, alleged to be the property of the decedent, for the payment of the debts of the estate; and likewise seeking as an adult heir of Louvina Hill, the deceased, a sale of the land for division and distribution. The heirs of Louvina Hill were made parties defendant, and some of them answered admitting the allegations of the bill. But Katie Payne, one of the defendants, interposed numerous grounds of demurrer to the bill as last amended, and from the decree overruling her demurrer, has prosecuted this appeal.

She has sought to effectuate her appeal as a married woman under Sec. 799, Title 7, Code 1940, by filing an affidavit and without giving security for costs. Appellee moves to dismiss the appeal upon the theory that the decree rendered is not one embraced within the provisions of Sec. 799, supra.

We are of the opinion the motion is due to be sustained. We have consistently held that this statute concerning appeals by a married woman without security for costs must be strictly construed. Ex parte Watkins, 25 Ala.App. 419, 148 So. 335, certiorari denied 226 Ala. 634, 148 So. 335. In the instant case there has merely been entered an interlocutory decree overruling a demurrer to the bill. There has been no decree subjecting to sale any property of this appellant, or for the payment of any money, or doing or performing any act.

In Pritchett v. Wilson, 239 Ala. 146, 194 So. 176, 177, the opinion, after stating, with citation of authorities, several instances in which the statute was applicable, concluded these observations by saying: "But this result does not follow merely because the decree leaves unaffected other proceedings either begun or threatened whereby her property may in them be subjected to sale. The statute is not beneficial to her in that respect until her property is thus ordered to be sold, or is condemned to sale."

This language is directly applicable in the instant case, and to our minds a correct interpretation of the statute. Our decisions are uniformly to the effect that this statute is not to be enlarged by construction. Ex parte Watkins, supra; Ex parte Johns, 209 Ala. 638, 96 So. 888; Holley v. Harris, 220 Ala. 417, 125 So. 660; Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94.

The motion is well taken and the appeal must be dismissed.

Appeal dismissed.

THOMAS, FOSTER, and STAKELY, JJ., concur.