53 So.2d 610

### OSBOURN v. LO BUE et al.

### 6 Div. 126.

Supreme Court of Alabama.

Jan. 11, 1951.

Rehearing Denied June 30, 1951.

H. M. Abercrombie, of Birmingham, for appellees.

LAWSON, Justice.

The appellant, Katherine Cordell Osbourn, filed a bill in equity in the circuit court of Jefferson County, in equity, against Joe LoBue, Tony LoBue and Nell LoBue. The bill was amended on June 26, 1947. The respondents answered on September 25, 1947, after their demurrer to the amended bill was overruled.

On April 8, 1949, the appellant, complainant below, filed what is termed a petition for revivor, alleging that the respondent Joe LoBue died on or about August 4, 1948, and praying that Mrs. Nellie LoBue, the widow of Joe LoBue, and the two sons of Joe LoBue, namely Johnny LoBue and George LoBue, be substituted in the place of the respondent Joe LoBue. It was further prayed that Nellie, Johnny and George LoBue be served with a copy of the order of substitution, together with a summons.

On April 11, 1949, the register entered an order of publication as to Johnny LoBue and George LoBue.

J. H. Dinning, H. A. Lloyd and W. W. Dinning, all of Demopolis, for appellant.

On May 14, 1949, counsel who had represented all the original respondents filed what is termed "Demurrers to motion to revive," which reads in part as follows: "Now comes Nellie LoBue, as the widow of Joe LoBue, deceased, Johnny LoBue and George LoBue, separately and severally, and demur to the petition, motion or Bill of Complaint filed by complainant, on to-wit: the 11th day of April, 1949, and to the aspect of said petition, motion of Bill of Complaint, seeking an order on decree of revival, separately and severally, and as grounds of demurrer assign the following, separately and severally: * * *" Then followed several grounds of demurrer taking the point that there was no equity in the petition; that the allegations of the petition were vague, indefinite and uncertain; that the allegations of the petition were not sufficient to justify the entering of an order of "revival"; that the petition fails to show that "these respondents own any right, title, claim or interest in or to the property which is the subject matter of this suit."

On December 27, 1949, the trial court rendered a decree striking the demurrer to the petition for revivor from the records of the court. In this decree the court indicated it would like to hear from the parties as to whether or not the court had the power to order a revival as prayed in the petition.

On the following day, one of counsel who had filed the demurrer to the petition to revive filed on behalf of Nellie LoBue, Johnny and George LoBue what is termed a "plea in abatement and motion to strike petition to revive." Among other grounds assigned was that "for said motion to revive was not called to the Court's attention for an order of revival within the time provided by law."

On January 31, 1950, the trial court rendered a decree denying the motion of complainant to revive or to have the parties named in the petition substituted as parties respondent and dismissed the bill of complaint as to the respondent Joe LoBue.

Appellant took her appeal to this court on July 27, 1950, just a few days short of six months from the date on which the decree sought to be revived was rendered.

Counsel for appellees in brief filed here take the position that the decree denying the petition to revive and dismissing the bill of complaint as to respondent Joe LoBue was an interlocutory decree and, therefore, the appeal should have been taken within thirty days under the provisions of § 755, Title 7, Code 1940.

If this point is well taken, no motion to dismiss the appeal is necessary for, it being a question of jurisdiction, the point must be taken by this court *ex mero motu* and the appeal dismissed. Holt v. City of Birmingham, 237 Ala. 196, 186 So. 549.

We cannot agree with the contention asserted by counsel for appellees that the decree appealed from was interlocutory. As before indicated, the decree not only denied the so-called petition to revive, but dismissed the bill as to respondent Joe LoBue. This was such a final decree as to authorize appeal within six months under §§ 754 and 788, Code 1940. Pritchett v. Wilson, 239 Ala. 146, 194 So. 176; Hartford Accident & Indemnity Co. v. Green, 223 Ala. 96, 134 So. 487. While the point was not expressly considered, we took jurisdiction of the appeal in the case of Webster v. Talley, 251 Ala. 336, 37 So.2d 190. An examination of the original transcript in that case discloses that the decree dismissing the bill because of failure to revive within the time prescribed was entered on July 1, 1947. Motion for rehearing filed on July 23, 1947, was denied on September 29, 1947. The appeal was not taken until December 16, 1947, more than thirty days from the date on which the motion for rehearing was denied. Equity Rule 62, Code 1940, Tit. 7 Appendix.

We come now to consider the question of whether the trial court erred in denying appellant's petition to revive, which perhaps should be called a motion for substitution, and in dismissing the bill as to the respondent Joe LoBue, deceased. Equity Rule 35 reads in pertinent part as follows:

"Revivor shall be by motion except as otherwise provided in this rule.

"If a party dies, and the cause of action survives, the court or the register, within twelve months, may order substitution of

the proper parties. If substitution is not made within such time the bill or cross-bill shall be dismissed as to the deceased party. The motion for substitution may be made ex parte by the successors or representatives of the deceased party or by any party, but a copy of the order of substitution shall be mailed by the register to each of the parties or their attorneys of record. Persons brought in as defendants by the order of subsition shall be served by the sheriff with a copy of the order, together with a summons, if a summons can be served by a sheriff of Alabama. If the person to be brought in is a non-resident of Alabama, not reachable by the sheriff, or is an infant, or is of unsound mind, the rules for bringing in such a person shall be followed. A person becoming a defendant by reason of the order of substitution shall have thirty days from the perfection of service of process upon him within which to demur or plead before a decree pro confesso can be taken against him; and if testimony has been taken before the order of revivor, it need not be retaken unless ordered by the court."

The petition to revive or motion for substitution was made within twelve months from the date of the death of Joe LoBue. But no express order of substitution was entered during that period. Under Equity Rule 35 the making of the motion for substitution therein provided for within the twelve-month period is not sufficient. There must be an order of substitution by the register or court within that period of time unless the party sought to be substituted by his action makes such an order unnecessary.

In the instant case, we are of the opinion that by demurring to the petition to revive or motion for substitution, Nellie, Johnny and George LoBue have made it unnecessary that a formal order of substitution be entered within the twelve-month period. The provision authorizing a revivor or substitution to be exercised within the twelve-month period is in the nature of a statute of limitations. Webster v. Talley, supra. The making of the order within that period can be waived We think there was a waiver in this case. Hence,

we are not in accord with the action of the trial court in refusing to enter a formal order of substitution after the expiration of the twelve-month period from the date of the death of Joe LoBue, and in dismissing the bill of complaint as to Joe LoBue.

Reversed and remanded.

Opinion corrected and extended on rehearing, and application for rehearing overruled.

LIVINGSTON, C. J., and BROWN, FOSTER, and STAKELY, JJ., concur.

SIMPSON, J., concurs in result only.