140

50 So.2d 412

## LOW v. LOW.

### I Div. 413.

Supreme Court of Alabama.

Feb. 8, 1951.

———◆———

V. R. Jansen, of Mobile, for appellant.

Chason & Stone, of Bay Minette, for appellee.

PER CURIAM.

The question for decision is whether Elizabeth Low (appellant), who is the wife of Elvin G. Low (appellee), is entitled to maintain this appeal without giving security for the costs of appeal as provided by § 799, Title 7, Code of 1940, which reads as follows: "From any judgment, order or decree of any court of record, subjecting to sale any property of, or for the payment of money or the doing or performing any act by any married woman, she is entitled to an appeal to the supreme court or court of appeals to revise such judgment, order or decree, without giving security for the costs of appeal; on making affidavit that she is unable to give such security; and such appeal shall operate as a suspension and stay of any proceedings under such judgment, order or decree until such appeal shall be determined by the supreme court or court of appeals."

A motion has been made to dismiss the appeal for failure to give such security for costs and the cause has been submitted here only on this motion.

Elvin G. Low filed his bill against Elizabeth Low in the equity court in order to quiet title to certain real estate situated in Baldwin County particularly described in the bill. The bill specifically sought cancellation of a deed as a cloud on the title which he had previously executed in favor of his wife on the ground that the deed had never been delivered. Trial of the case resulted in a decree in favor of Elvin G. Low declaring him to be the owner of the lands described in the bill and that Elizabeth Low has no title to, lien or encumbrance on the property or any part thereof, and further cancelling the deed as a cloud on the title of the land and ordering Elizabeth Low to surrender the deed referred to in the bill and further taxing Elvin G. Low with the costs of the proceedings.

Thereafter Elizabeth Low filed notice of appeal with the register of the equity court but did not file security for costs. Instead

she filed an affidavit in substance that she is a married woman, the wife of the complainant in the cause, Elvin G. Low, and that she is unable to give security for costs of appeal. As stated, a motion has been made in this court to dismiss the appeal for want of security for the costs of appeal.

Reference to the foregoing statute will show that in order for the appellant to be entitled to appeal to this court without giving security for costs, the cause must fall within one of the three categories set forth in the statute which are (1) a decree subjecting to sale any property of the appellant, or (2) a decree for the payment of money, or (3) a decree requiring the doing or performing of any act by the appellant. It is evident that the present decree does not fall within the first two categories. We are, therefore, reduced to the question as to whether the present decree falls within the third category. Does it require the doing or performing of any act by the appellant? Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94.

This court has held that where the proceeding is essentially for the recovery of property and not for the performance of some act or duty as defined in Scott v. Shepherd, 215 Ala. 671, 112 So. 137, the statute gives no relief. The appellee insists that this is the principle which should control the decision of this court on the motion and cites in support of his position the following cases. Holley v. Harris, 220 Ala. 417, 125 So. 660; Nichols v. Snead, 224 Ala. 324, 140 So. 375; Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94; Ex parte Green, 239 Ala. 290, 194 So. 889; Ex parte Watkins, 25 Ala. App. 419, 148 So. 335, certiorari denied 226 Ala. 634, 148 So. 335. Decisions in ejectment cases are obviously not in point because a judgment in an ejectment suit is for the property sued for and does not require the doing or performing of any act. In each of the equity cases cited above the effect of the decree amounts to a recovery of property because the winning litigant in each of those cases was not in possession of the property when the suit was instituted.

In the present case the appellee filed a bill to quiet title which in the nature of the case required him to allege and prove peaceable possession. So when a decree was rendered in his favor, it could not be for the recovery of the property because he already held possession of the property. Furthermore in the bill its prayer, among other things, is specifically to require Elizabeth Low to surrender the deed to the court for cancellation and in the decree she is required to surrender the deed to the court for cancellation.

Without further elaboration we think that the appeal here is from a decree which substantially speaking is for the performance of an act by the appellant. The provision in the decree requiring surrendering of the deed for cancellation is not a mere incident of the suit. We conclude that the motion to dismiss the appeal should be overruled.

Motion to dismiss the appeal is overruled.

BROWN, FOSTER, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.