# Burrows *v.* Pickens *et al.*

### Statutory Action of Ejectment.

1. *Action of ejectment; not abated by death of one of the plaintiffs.*—Under the statute (Code, § 38) an action of ejectment in which there are several parties plaintiff, is not abated by the death of one of the plaintiffs; but upon a suggestion of the death of one of the plaintiffs upon the record, it may proceed in the name of the surviving plaintiffs.

2. *Alienation of homestead; invalid without separate acknowledgment of wife.*—A conveyance of the homestead, which, although signed by the wife, has no certificate of the wife's separate examination and acknowledgment, as required by statute (Code, § 2034), is invalid and passes no title.

3. *Same; effect of recital of relinquishment of dower.*—A conveyance of the homestead, though signed by husband and wife, and acknowledged by the wife in proper form to pass title to the homestead is, nevertheless, inoperative for that pur-

[Burrows v. Pickens *et al.*]

pose, when it recites that the wife joined in the execution
thereof "for the purpose of relinquishing any right or claim
of dower she may have had in said land."

4.  *Ejectment; when defendant can retain land with growing crops.*
In an action of ejectment, where there is a verdict in favor of
the plaintiff. in order for the defendant to obtain the bene-
fit of retaining the lands recovered as provided by statute
(Code, § 1552), it is necessary for him to make proof on
the trial of the fact that he has a crop planted and grow-
ing on the land, and of the rental value of the premises;
and where the case is tried on an agreed statement of facts
which contains no recital as to a growing crop, the sugges-
tion thereof comes too late if made just before judgment is
rendered.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment, which was
brought by the appellees, Mary J. Pickens, Wiley Pick-
ens, Edmund Pickens and others, against the appel-
lant, Demps Burrows, to recover certain lands specific-
ally described in the complaint. The suit was insti-
tuted on February 2, 1898. The defendant pleaded the
general issue.

Before the cause was tried, the death of Wiley Pick-
ens, one of the plaintiffs, was suggested, and the order
made in reference thereto was as follows: "In this
cause the death of Wiley Pickens is suggested, and the
cause is submitted to the court on an agreed statement
of facts. The agreed statement of facts, under which
the cause was submitted to the court for the trial with-
out the intervention of a jury, disclosed the following
facts: On January 10, 1880, W. R. Cobb and wife con-
veyed to Reuben Pickens the lands in controversy. On
January 28, 1880, Reuben Pickens and Mary J. Pick-
ens, his wife, executed a mortgage on the said lands to
James J. Grayson. On January 18, 1886, Reuben Pick-
ens and Mary J. Pickens executed another mortgage
upon the same lands to the said James J. Grayson. Reu-
ben Pickens died before the institution of this suit. At
the time of his death and at the time of the execution of
each of the mortgages to James J. Grayson, he occupied
said lands as a homestead, that his wife and child-

ren resided thereon. The property did not exceed $2,000 in value. Mary J. Pickens was the widow of Reuben Pickens, and the other plaintiffs are the children of said Reuben and Mary J. Pickens, and the heirs at law of Reuben Pickens. On January 26, 1890, James J. Grayson, the mortgagee, foreclosed each of the mortgages held by him and at the foreclosure sale one Baker became the purchaser of the land, and James J. Grayson conveyed to him all the right, title, interest and claim acquired by him under the two mortgages. Baker then sold and conveyed the lands back to James J. Grayson, and afterwards Grayson sold and conveyed the said lands to J. W. Grayson, who, by warranty deed of October 31, 1894, sold and conveyed said lands to the. defendant, Burrows, who, since the date of said sale and conveyance has been in the actual occupancy and possession of said lands, claiming them as his own. After the mortgage sale by Grayson to Baker, and the reconveyance by Baker to him, plaintiffs rented the lands from J. J. Grayson, and after he conveyed them to J. W. Grayson, they rented from him, and finally removed from the lands before the conveyance to the defendant. The two mortgages from Reuben Pickens and Mary J. Pickens to J. J. Grayson were made a part of the agreed statement of facts.

The mortgage executed on January 28, 1880, although signed by Mary J. Pickens, was not separately acknowledged by her. The mortgage executed on January 18, 1886, contains the recital that "Mary J. Pickens, wife of said Reuben Pickens, joins in the execution of this mortgage, for the purpose of relinquishing any right or claim of dower she may have in said lands." This mortgage was signed by Mary J. Pickens, and was acknowledged separate and apart from her husband.

The trial of the case was had on May 25, 1899, but the agreed statement of facts contained no recital with reference to the growing crop upon the land sued for. The bill of exceptions recites that when the court was about to announce the judgment in the case, "counsel for the defendants suggested that there was a growing crop on the land sued for. Nothing was said in agreed

[Burrows v. Pickens *et al.*]

statement of facts about growing crops, and plaintiffs objected to opening the case anew. The court stated that said suggestion came too late, and the court could make no order about it without the consent of the plaintiff, and the defendant duly excepted." The court rendered judgment for the plaintiffs. The defendant appeals. It was assigned as error that the court proceeded to judgment after the suggestion of the death of one of the plaintiffs, without there having been a revival in the name of his administrator or unless there had been a dismissal as to him of the suit; and that the court erred in refusing to act upon the suggestion as to the growing crop on the lands, and erred in rendering judgment for the plaintiffs.

COOPER & FOSTER and DANIEL GRAYSON, for appellant, cited *Evans v. Welch*, 63 Ala. 250; *Gates v. Hester*, 81 Ala. 357; *Carter v. Chaudron*, 21 Ala. 72; *Harbinson v. Harrell*, 19 Ala. 753; *Pollard v. Maddox*, 28 Ala. 321; *Seay v. McCormick*, 68 Ala. 549.

THOMAS C. MAPOTHER, *contra.*—It is stated in the mortgage that the wife joins in its execution for the purpose of relinquishing her dower right, and this is insufficient to convey the homestead.—*Thompson v. Sheppard*, 85 Ala. 611; *Long v. Mostyn*, 65 Ala. 543.

SHARPE, J.—Upon the death of one of several parties plaintiff in an action of the class which may be prosecuted by the surviving plaintiff or plaintiffs the action does not abate, but under our statute—Code, § 38—the action may either be revived or, upon the suggestion of the death made upon the record, it may proceed in the name of the surviving plaintiffs. The present action is of the class referred to; and there was no error in allowing the action to proceed after suggestion made of the death of Wiley Pickens without revival. *Phoenix Ins. Co. v. Moog*, 81 Ala. 335. It may be noted that no objection is shown to have been made to so proceeding.

Neither mortgage under which the defendant claimed was sufficient to convey the title to Reuben Pickens' homestead. The first lacked the certificate of the wife's separate examination which, under section 2034 of the Code, was requisite to give validity to such a conveyance.

The second mortgage expresses the purpose for which Mrs. Pickens joined in to be that of relinquishing her right to dower. Under the authority of *Long v. Mostyn*, 65. Ala. 543, and *Thompson v. Sheppard*, 85 Ala. 611, such expression must be held to negative Mrs. Pickens' intention to sign in token of her assent to the conveyance of the homestead right and to render her signature uneffective for the latter purpose.

Section 1552 of the Code provides that "if the defendant has a crop planted or growing on the premises, and the jury find for the plaintiff, they must also ascertain the rental value of the premises during the current year, and no writ of possession can be issued until the expiration of the year, if the defendant executes a bond in double the amount of such rent, payable to the plaintiff, with surety approved by the clerk, conditioned to pay the rent so assessed at the expiration of the year." To obtain the benefit of this provision it devolves on a defendant to make proof on the trial of the fact that he has a crop growing or planted on the land, as well as of the rental value of the premises, for in the absence of such proof there can be no authority for the assessment of rental value. The statement of facts upon which it was agreed the case should be tried was silent as to the growing crop, and the effect of that agreement was to confine the proof to the agreed statement.

The judgment will be affirmed.