(113 So. 4)

## COWIKEE MILLS v. GEORGIA–ALABAMA POWER CO. (4 Div. 323.)

Supreme Court of Alabama. May 19, 1927.

1. **Corporations** ☞668(15)—Statute authorizing service on secretary of state, when authority of foreign corporation's agent ceases, applies only to corporations still doing business in state (Code 1923, §§ 7209, 9426; Const. U. S. Amend. 14).

Code 1923, § 9426, authorizing service of summons on secretary of state, when authority of agent, designated by foreign corporation under section 7209, ceases "from any cause," applies only to foreign corporations still engaged in business in state and subject to jurisdiction of state courts, in view of due process clause of Const. U. S. Amend. 14.

**2. Corporations ⟨key⟩668(15)—Statutes held not to authorize service of summons on former agent of foreign corporation no longer doing business in state (Code 1923, §§ 7208, 9427, 10471).**

Code 1923, § 10471, which is venue statute only, and sections 7208, 9427, do not authorize service of summons on former agent of foreign corporation, which has ceased to do business in state.

**3. Corporations ⟨key⟩662—Foreign corporation is amenable to process to enforce personal liability only if doing business warranting inference of presence in state.**

Foreign corporation is amenable to process to enforce personal liability, in absence of consent, only if it is doing business within state in such manner and to such extent as to warrant inference that it is present there.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by the Cowikee Mills against the Georgia-Alabama Power Company. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Chauncey Sparks, of Eufaula, for appellant.

Section 6112 of the Code of 1907 was amended by the Act of 1919, p. 240, to meet such a case as this. It is immaterial whether the defendant is now doing business in the state at all, provided it was so doing business at the time the cause of action arose. Code 1923, § 10471. That statute and section 9426 were of force when the contract involved was entered into and became a part of said contract. A corporation which has withdrawn from the state is still subject to service of process and suit on causes of action already accrued on contracts made in the state. 14A C. J. 1376, 1415. Defendant in this case was suable by service of summons upon the secretary of state. Code 1923, § 9426; Lewis v. International Ins. Co., 198 Ala. 411, 73 So. 629. Section 232 of the Constitution is permissive and not restrictive. J. I. Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 So. 729; Cable-Shelby-Burton Piano Co. v. Turbeville, 213 Ala. 565, 105 So. 555.

W. H. Merrill, of Eufaula, for appellee.

Without a statute requiring foreign business corporations to do that which is required of insurance companies (section 8352), there is no provision in the state statutes under which service can be had on the secretary of state, or any one else, that is not in conflict with the Fourteenth Amendment. National Park Bank v. Concordia L. & T. Co., 154 La. 31, 97 So. 272; People's Tob. Co. v. Amer. Tob. Co. (C. C. A.) 170 F. 396; Rosenberg Bros. v. Curtis Brown, 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910; Kirker-Bender F. E. Co. v. Chicago Beach Hotel. (C. C. A.) 116 F. 359.

GARDNER, J. Suit by appellant against appellee to recover damages for breach of a contract.

Defendant's pleas in abatement being sustained, plaintiff suffered a nonsuit and prosecutes this appeal for a review of the ruling on the abatement pleas.

Defendant is a foreign corporation, and had been duly qualified to do business in this state, and complying with the provisions of section 7209 of the Code of 1923, designating an agent and place of business in this state. The defendant was so engaged in business in this state at the time plaintiff's cause of action arose. Some considerable time, however, prior to the commencement of this suit, defendant had disposed of all its holdings here located, had ceased to do any business in the state by agent or otherwise, and had, in March, 1926, formally filed in the office of the secretary of state its declaration of withdrawal from and discontinuance of operations in this state.

[1, 2] While the first service of summons was had on the former agent of defendant, yet we gather from brief of counsel for appellant that the service here insisted upon as effective is that had upon the secretary of state, and much reliance is placed upon that portion of section 9426 of the Code of 1923, providing for service upon the secretary of state when the agent designated by a foreign corporation "shall die, resign, remove from the state, or his authority shall cease from any cause." But these provisions must be viewed in the light of the Fourteenth Amendment to the Constitution of the United States, known as the due process clause of the Constitution as interpreted by the federal Supreme Court. So viewed, we are of the opinion the language must be held applicable only to those foreign corporations still engaged in business in this state, and subject to the jurisdiction of our courts. Section 10471, Code of 1923, also cited by appellant, is a venue statute only, and is without material bearing upon the question here presented. Nor do we find sections 7208 and 9427 of the Code of 1923 (also cited by appellant) here applicable.

In Long v. Clark, 201 Ala. 454, 78 So. 832, is found the following excerpt from Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184, here pertinent:

"It has been settled, since the leading decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, was pronounced, that a personal judgment or decree rendered in a cause against a nonresident, upon whom no personal service therein was had, is void, and, of course, unenforceable in any manner. That doctrine has been several times affirmed by this court."

And in Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910, the United States Supreme Court declared that the principle enunciated in Pennoyer v. Neff was equally applicable to corporations saying:

"That to condemn without a hearing is repugnant to the due process clause of the Fourteenth Amendment needs nothing but statement. Equally well settled is it that the courts of one state cannot without a violation of the due process clause, extend their authority beyond their jurisdiction so as to condemn the resident of another state when neither his person nor his property is within the jurisdiction of the court rendering the judgment, since that doctrine was long ago established by the decision in Pennoyer v. Neff, 95 U. S. 714 [24 L. Ed. 565], and has been without deviation upheld by a long line of cases, a few of the leading ones being cited in the margin. And that a corporation no more than an individual is subject to be condemned without a hearing or may be subjected to judicial power in violation of the fundamental principles of due process as recognized in Pennoyer v. Neff, is also established by the cases referred to and many others."

In the comparatively recent case of Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710, the United States Supreme Court said:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent. * * * Whether the corporation was doing business within the state and whether the person served was an authorized agent are questions vital to the jurisdiction of the court."

See, also, to like effect, Rosenberg Bros. v. Curtis Brown, 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Chipman, Limited, v. Thos. B. Jeffrey Co., 251 U. S. 373, 40 S. Ct. 172, 64 L. Ed. 314; People's Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

This latter authority is very much in point here, and the court, in discussing the Louisiana statute as construed by that court in Gouner v. Mo. Valley, etc., Co., 123 La. 964, 49 So. 657—similar to our own statute—made the following observation:

"As to the attempted service of process upon the secretary of state of Louisiana under the Louisiana act of 1904 (Laws 1904, Act No. 54, p. 133), as amended 1908 (Laws 1908, Act No. 284, p. 423), we understand the act, as construed by the state Supreme Court, is not applicable to foreign corporations not present within the state and doing business therein at the time of the service, and having, as in this case, withdrawn from the state and ceased to do business there. Gouner v. Missouri Valley Bridge, etc., Co., 123 La. 964 [49 So. 657]."

Under the foregoing authorities we think the pleas disclose a lack of jurisdiction in the state court.

Much stress is laid by appellant upon Lewis v. International Ins. Co., 198 Ala. 411, 73 So. 629. That case, however, rested upon the statute peculiarly and expressly applicable to foreign insurance companies requiring as a condition precedent that such corporations should file an instrument in the office of the secretary of state constituting and appointing the insurance commissioner its lawful attorney upon whom all lawful process may be served, and also therein agreeing that any lawful process served upon said attorney shall be of the same force and validity as if served on the company, "and that the authority thereof shall continue in force irrevocably as long as any liability of the company remains outstanding in this state." Section 8352, Code of 1923. Statutes of like character have been upheld as valid enactments. In the Lewis Case, supra, we find excerpt from the opinion in Mut. Reserve Ass'n v. Phelps, 190 U. S. 158, 23 S. Ct. 709, 47 L. Ed. 987, wherein the court pointed out the insufficiency of those statutes providing only "that the foreign corporation should name some person or persons upon whom service of process could be made," saying:

"The insufficiency of such provision is evident; for the death or removal of the agent from the state leaves the corporation without any person upon whom process can be served. In order to remedy this defect some states, Kentucky, among the number, having passed statutes, like the one before us, providing that the corporation shall consent that service may be made upon a permanent official of the state, so that death, removal, or change of officer will not put the corporation beyond the reach of the process of the courts."

The underlying doctrine of these cases is the voluntary consent of the foreign corporation and the appointment of the attorney for such service. Hunter v. Mut. Reserve Life Ins. Co., 184 N. Y. 136, 76 N. E. 1072, 30 L. R. A. (N. S.) 677, and 6 Ann. Cas. 291, and authorities cited in note. But in the statute relied upon by appellant dealing with foreign corporations generally, no such provision is found. This may present a matter worthy of the consideration of the lawmaking body, but we are here concerned only with the statute as written. The provision of section 8352 of the Code concerning foreign insurance companies has not been extended to other foreign corporations, and, as to the latter, the question of jurisdiction of the state courts is governed by the rule announced in the authorities first above noted.

The case of Cable-Shelby-Burton Piano Co. v. Turbeville, 213 Ala. 565, 105 So. 555, concerned only the question of county venue of a corporation doing business in the

state, and is therefore without application. Like observations apply to J. I. Case Threshing Mach. Co. v. McGuire, 201 Ala. 203, 77 So. 729.

[3] The suit here in question is one to enforce personal liability. The defendant, a foreign corporation, had at the time of service of process completely withdrawn from the state, and was in no manner engaged in business in this state, and no consent for submission to the jurisdiction of the court appears. As said in Philadelphia & Reading Co. v. McKibbin, supra:

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there."

We conclude that the trial court correctly ruled in sustaining the defendant's pleas in abatement.

The judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.