(138 So. 270)

**STOER et al. v. OCKLAWAHA RIVER FARMS CO. et al.**

7 Div. 33.

Supreme Court of Alabama.
Nov. 5, 1931.

Rehearing Denied Dec. 17, 1931.

Goodhue & Lusk, of Gadsden, and Cabaniss & Johnston and Joseph F. Johnston, all of Birmingham, for appellees.

Willard Drake, of Birmingham, and H. M. Hampton and Hampton & Greene, all of Ocala, Fla., for appellants.

692

BROWN, J.

Action of debt by appellants against appellees to recover the face amount, with interest, of a decree rendered by the circuit court of Marion county, Fla., in favor of the appellants, and Jefferson D. Young, against Ocklawaha River Farms Company, a corporation, and appellee Thomas Stonewall Kyle.

Young, who was a party plaintiff at the commencement of the suit, died on September 9, 1929, and his death was suggested upon the record January 24, 1931.

The circuit court sustained the defendants' demurrer to the complaint as last amended, and this ruling superinduced a voluntary nonsuit, and this appeal.

The demurrer takes the point that the cause of action declared on did not survive the death of Young in the absence of timely steps to revive the action; that the suggestion of Young's death more than one year after it occurred came too late to prevent the abatement of the action; and that the facts pleaded do not show that the Florida court had jurisdiction of the person in such suit as to authorize a personal judgment against Kyle.

■ The judgment here is that the first two points taken by the demurrer, stated above, are without merit. Our statutes, Code 1923, §§ 5711–5719, do not deal with the survival of causes of actions, but with pending actions, and leave the question as to the survival of causes of actions to the established principles of the common law. Wynn, as Administrator, v. Tallapoosa County Bank, 168 Ala. 492, 53 So. 228; State ex rel. King et al. v. Pearce, Judge, 14 Ala. App. 628, 71 So. 656.

■ The pertinent common-law rule is that in suits by two or more plaintiffs on a joint cause of action, the cause of action does not abate on the death of one of the parties plaintiff, but survives in favor of the others, who may proceed to judgment without bringing in the personal representative of the deceased party. Long v. Kansas City, Memphis & Birmingham R. Co., 170 Ala. 635, 54 So. 62; Haven v. Brown, 7 Me. (7 Greenl.) 421, 22 Am. Dec. 208; Tompkins v. Vintroux, 3 W. Va. 148, 100 Am. Dec. 735; Rowe v. Shenandoah

Pulp Co., 42 W. Va. 551, 26 S. E. 320, 57 Am. St. Rep. 870; Denigan v. San Francisco Sav. Union, 127 Cal. 142, 59 P. 390, 78 Am. St. Rep. 35; 1 R. C. L. 37, § 33; 1 C. J. 158, § 260.

■ The last clause of our statute, section 5715 of the Code of 1923, which provides that "the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor," is merely declaratory of the common law. 1 C. J. 158, § 260; Burrows v. Pickens, 129 Ala. 648, 29 So. 694.

■ And the twelve months' limitation is confined to proceedings to revive where a revivor is necessary to a further prosecution of the suit. Ex parte Meador et al. (State ex rel. Meador et al. v. Jones, Judge) 202 Ala. 80, 79 So. 474.

The remaining question is one of pleading rather than a question as to whether the decree declared on is or is not subject to collateral attack.

■ The general rule here is that if the declaration shows that the court rendering the judgment or decree is a court of record of general jurisdiction, it is not necessary to aver in terms that the court had jurisdiction of the parties or of the subject-matter, or to set out the facts confirming jurisdiction as this will be presumed until disproved. Pennington v. Gibson, 16 How. 65, 14 L. Ed. 847; Tenney v. Townsend, 23 Fed. Cas. No. 13,832, 9 Blatchf. 274; Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785; Mills v. Stewart, 12 Ala. 90.

■ But there are several exceptions to this general rule, and one of them is, where it appears that the judgment or decree was rendered against a nonresident of the state, jurisdiction of the person must be affirmatively pleaded. 34 C. J. 1116, § 1586; Wilbur v. Abbot (C. C.) 6 F. 814; Cone v. Cotton, 2 Blackf. (Ind.) 82; Gude v. Dakota F. Ins. Co., 7 S. D. 644, 65 N. W. 27, 58 Am. St. Rep. 860. The case at bar falls within this exception.

■ There is an absence of affirmative averment in the complaint as originally filed, or as last amended, that the Florida court had jurisdiction of the person of Kyle, or that he was served with process while within the jurisdiction of said court, or entered an appearance in person or by attorney, as the rule of brevity and perspicuity prescribed by the statute authorizes and requires. Code 1923, § 9457; Andrews v. Flack & Wales, 88 Ala. 294, 6 So. 907; Cook & Laurie Contracting Company v. Bell, 177 Ala. 618, 59 So. 273; Birmingham Ry., Light & Power Co. v. Ely, 183 Ala. 382, 62 So. 816; Jefferson County v. Gulf Refining Co. of La., 202 Ala. 510, 80 So. 798; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L. R. A. (N. S.) 1106.

The pleader seems to have studiously avoid-

ed making such averment, but in lieu thereof alleges:

"That at the trial of the cause resulting in the judgment sued on the fact of jurisdiction of the court over the person of defendant, Thomas Stonewall Kyle, was a fact in issue, and to be determined by said court, and that said court did determine said fact, and did judicially ascertain that said court did have jurisdiction over the person of defendant, Thomas Stonewall Kyle.

"That in the proceedings resulting in the decree or judgment against the said Thomas Stonewall Kyle, which is the foundation of this action, the said Thomas Stonewall Kyle was made a defendant, but that being a non resident of Florida, the process of said Court could not be served upon him personally, but by the laws of Florida service by publication was and is authorized and proceedings were had in said cause by which the said Thomas Stonewall Kyle was served with constructive process by publication and said court acquired such jurisdiction over him as is authorized to acquire on non residents as to whom its personal process cannot be served upon; that with knowledge of the fact that he was a defendant to said proceedings the said Thomas Stonewall Kyle did so conduct himself as to become personally present before the said court in that, he, the said Thomas Stonewall Kyle, did take charge of, manage, control and dictate the defense to said suit, and in said suit or action the question of jurisdiction of the court over the person of the said Thomas Stonewall Kyle was raised, and presented; that is to say, that during the progress of the trial the said Thomas Stonewall Kyle did verify a demurrer to the bill of complaint filed by the Ocklawaha River Farms Company; that he also testified in said cause voluntarily; that he sought by his testimony to show a complete accounting and disbursement of the funds coming into his hands as an officer of the Ocklawaha River Farms Company; that he sent witnesses to Florida to testify in said cause and paid their expenses, and did dictate, manage and control the defense interposed by and through the said Ocklawaha River Farms Company; that he, as the majority stockholder of the Ocklawaha River Farms Company took all of the assets of the corporation into the State of Alabama and kept all of the assets, including the books and records of the corporation in the State of Alabama; and that because thereof the stockholders could not file a stockholders suit, other than in Florida; that with these matters appearing in the record the complainants in said cause, the plaintiffs herein, did urge and insist that he, the said Thomas Stonewall Kyle, by his conduct, had become personally present in court and subject to the jurisdiction thereof. Plaintiffs aver that in said proceedings resulting in the decree sued on in this cause the question of jurisdiction

of the Circuit Court for the 5th Judicial Circuit of the State of Florida, over the person of the said Thomas Stonewall Kyle, became a fact, to be determined by said court. Whereupon the master to whom the said cause had been referred to report to the court his findings of the law and fact did find and report to the Court as follows:

" 'Having concluded the findings as above, I now arrive at a point where I must determine against whom a decree should be rendered. It would be useless to render one against Ocklawaha River Farms Company alone, as it has no assets according to the admitted facts, because all of the money, bonds and securities have been paid over to the stockholders, and Kyle has paid himself, directly and indirectly, a large sum of money in excess of what was due him, which has rendered the corporation insolvent, and unable to respond. If T. S. Kyle is personally before the Court, then the procedure is simple, for the decree can run against him also. He has filed no answer or other pleading, purporting to recognize the jurisdiction of the Court over his person. Has he done any act that would recognize that jurisdiction? Of course, merely testifying in the case, if he was summoned and brought unwillingly, would not do so, but it is a fundamental principle of law that a person situated as Kyle here, cannot occupy two inconsistent positions. He is either in or out for all purposes.

" 'Counsel for complainant contends that Kyle has voluntarily brought himself in to the record by several acts, which recognizes the jurisdiction of the Court over him:

" '1. He verified a Demurrer to the Bill.

" '2. He filed Dissolution proceedings for the corporation in the Circuit Court of Marion County, which the corporation, of which he is President, now seeks to take advantage of, and asks that this proceeding be stayed till his suit can be disposed of.

" '3. He has actively conducted the defense by making himself voluntarily the principal actor.

" '4. That he seeks in this suit to have this Court decree that he has fully accounted for all moneys, and has so discharged his trust that he should be acquitted of the charges of fraud against him.

" 'It must be remembered that Kyle is a party defendant to the suit; he unquestionably knew that when he filed the demurrer and testified. He does not stand as an outsider having no relation to it, but he knew he was charged with the grossest of fraud. Complainants have done all the law permits, —served him by publication. Here it is, the majority stockholder takes the corporation, and runs away with it, so to speak, taking it to another State, which could have no jurisdiction over it, and this over the protests of the majority stockholders. He refused to come into the State and in effect defies the

laws of the State which he sought to create that entity he has seized on to. He has not done that which honesty would have suggested,—asked the Court to look into his acts, but yet assumes an attitude not commending itself to a Court of equity, of attempting to stay out of the litigation in one breath, yet seeking to show in another that he has fairly accounted.' "

These averments are supplemented by the following recitals in the decree, made exhibit to the complaint:

"This cause coming on again to be heard this day upon *the petition* for rehearing filed by the complainants and by the defendant Ocklawaha River Farms Company, and the same was argued by counsel for the said parties, when it is considered, ordered and decreed as follows:-

"1. That the equities of this cause are with the complainants.

"2. That the defendant, Thomas S. Kyle, is subject to this decree and by his conduct has become a party to this suit and liable to execution for the amount herein decreed."

Construing these averments most strongly against the pleader, as must be done on demurrer (Rogers v. Brooks, 99 Ala. 31, 11 So. 753), it clearly appears therefrom that the appellee Kyle was a nonresident of the state of Florida during all of the proceedings in said case, and that he was not served personally with process, and that the only attempt to acquire jurisdiction over him was by publication of notice to him as such nonresident; that he did not appear in person or by attorney to defend in his own behalf; that his personal acts in respect to the litigation were done and performed outside of the jurisdiction of the state of Florida, and all of said acts, except to testify as a witness by deposition taken in Alabama, were done for and in the name of the corporation of which he was an officer and stockholder. So far as appears the finding of the master in chancery in respect to the conduct of appellee and whether or not it constituted an appearance was made after he had concluded his finding of "law and fact" under the decree of reference, and was beyond the scope of the power conferred upon him by the decree of reference entered in the case, and the finding and recitals in the decree of the court were in reference to a petition for rehearing filed by the complainants and the defendant corporation, to which appellee was not a party and after the hearing on the merits of the case had been concluded and foreclosed.

The principle of the common law that no one shall be deprived of his liberty or property except "by the law of the land" is more ancient than written constitutions, and breathes so palpably of exact justice that it

needs no formulation into the organic law. Davis v. State, 68 Ala. 63, 44 Am. Rep. 128. It is the equivalent of "due process of law," and its field of operation is to protect the citizen against "the arbitrary action of those in authority" and place him under the protection of the law, which guarantees notice and the right to a hearing in his behalf before judgment or sentence which deprives him of his life, liberty, or property. State v. Bush, 12 Ala. App. 309, 68 So. 492. As observed by the Supreme Court of the United States: "That to condemn without a hearing is repugnant to the due process clause of the 14th Amendment needs nothing but statement. Equally well settled is it that the courts of one state cannot, without a violation of the due process clause, extend their authority beyond their jurisdiction so as to condemn the resident of another state when neither his person nor his property is within the jurisdiction of the court rendering the judgment, since that doctrine was long ago established by the decision in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and has been without deviation upheld by a long line of cases, a few of the leading ones being cited in the margin. And that a corporation, no more than an individual, is subject to be condemned without a hearing, or may be subjected to judicial power in violation of the fundamental principles of due process as recognized in Pennoyer v. Neff, is also established by the cases referred to and many others." Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 580, 59 L. Ed. 910.

The general rule, since the decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is that a personal judgment or decree rendered by a state court against a nonresident of the state upon whom personal service was not perfected, and who did not appear and submit to the jurisdiction of the court, is void. Sweeney et al. v. Tritsch, 151 Ala. 242, 44 So. 184; Terminal Oil Mill Co. v. Planters' W. & G. Co., 197 Ala. 429, 73 So. 18; Baker v. Baker, Eccles & Co., 242 U. S. 394, 37 S. Ct. 152, 61 L. Ed. 386; 2 Black on Judgments, 820, § 540; Freeman on Judgments § 433.

If the laws of Florida established a valid rule of procedure different from the general rule above stated, a matter of serious doubt, authorizing the course of procedure disclosed by the averments of the complaint, it was incumbent on the plaintiff to specially plead such law. Gunn v. Howell, 27 Ala. 663, 62 Am. Dec. 785.

The ruling of the circuit court on the demurrer to the complaint is free from error, and the judgment is ordered affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.