139 So. 255

### Ex parte CULLINAN et al.

### 8 Div. 340.

Supreme Court of Alabama.

Nov. 27, 1931.

Rehearing Denied Feb. 4, 1932.

264

Cabaniss & Johnston, of Birmingham, and J. A. Lusk, of Guntersville, for petitioners.

Street & Bradford, of Guntersville, for respondent.

against them, and jurisdiction of the court attempted to be obtained by publication and registered mail only and without personal service. They appeared specially and for that purpose only, and moved to quash the purported service on them by publication and registered mail. The ruling of the chancellor denying such motion is here sought to be reviewed by this mandamus proceeding.

That petitioners have pursued the proper remedy is, as we read the brief, conceded by counsel for respondent. Ex parte Hill, 165 Ala. 365, 51 So. 786; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; State ex rel. St. Peters M. Baptist Church v. Smith, 215 Ala. 449, 111 So. 28; Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884.

■ "The general rule, since the decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is that a personal judgment or decree rendered by a State court against a non-resident of the State upon whom personal service was not perfected, and who did not appear and submit to the jurisdiction of the court, is void." Margaret K. Stoer et al. v. Ocklawaha River Farms Co. et al. (Ala. Sup.) 138 So. 270,[1] present term. The objection, in such cases, by the nonresident to the jurisdiction of the court is not a technical one as suggested in brief by counsel for respondent, but is an assertion of a fundamental constitutional right which has been zealously guarded by the courts both state and federal. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

Later decisions are to the effect that any rule of court or state statute intended to abridge the right are not to be followed by the federal courts; the question being one which concerns the due process clause of the Fourteenth Amendment to the Federal Constitution. Davidson Bros. Marble Co. v. U. S. ex rel. Gibson, 213 U. S. 10, 29 S. Ct. 324, 53 L. Ed. 675. The following of our own decisions, among many others, which might be cited, are in harmony with those of the federal courts. Margaret K. Stoer et al. v. Ocklawaha River Farms Co. et al., supra; Long v. Clark, 201 Ala. 454, 78 So. 832; Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305.

■ The force of these authorities is not here questioned, but it is insisted petitioners had made a general appearance in the cause, and thereby voluntarily submitted themselves to the jurisdiction of the court. In Rorick v. Stilwell, 133 So. 609, the Florida Supreme Court, in discussing a similar question, held (and we think correctly so) that in every case where it is claimed that service of process

GARDNER, J.

J. S. Cullinan and L. B. Coppinger, nonresidents of this state and residents of Texas and New York, respectively, were made (together with several named corporations) parties defendant to an original and amended bill filed by W. L. Smith in the Marshall county circuit court; and J. S. Cullinan was a party defendant to the cross-bill as amended filed by O. D. Street and W. R. Bradford:

The petition here presented discloses that in the proceedings referred to personal judgments as for a moneyed demand is sought

---

[1] 223 Ala. 690.

has been waived that fact ought to be clearly established and shown on the record.

The chancellor in his decree of July 28, 1931, denying petitioners' motion, pointed to the action of petitioners on November 10, 1930, requesting of the register further time in which to answer or demur or file other motions, and the register's order granting such extension, as conclusively disclosing "an unconditional personal appearance in this cause."

In Oliver v. Kinney, 173 Ala. 593, 56 So. 203, 205, speaking to the question of waiver, the court said: "It is obvious that an appearance made for a special purpose ought not to be held to give the court jurisdiction over the defendant, except to the extent of hearing and determining the question which he specially presents to it for consideration." And in Grigg v. Gilmer, 54 Ala. 425, it was held that, although the entry on the margin of the docket of the court of the name of an attorney opposite the name of a party to a suit is accepted in practice as an appearance for such a party, yet the consequences resulting from such appearance thus made may be limited by the steps taken, or the pleadings subsequently interposed, and, if these have reference to the matter of service of process and irregularities in that regard, such an appearance will not be deemed a general appearance curing such defects. After all, it is a question of consent or a voluntary submission to the jurisdiction of the court. 4 Corpus Juris, 1317, 1318; Bacon v. Federal Reserve Bank (D. C.) 289 F. 513, 516; Pine Hill Coal Co. v. Gusicki (C. C. A.) 261 F. 974; Lowrie v. Castle, 198 Mass., 82, 83 N. E. 1118, 1120; Zabriskie v. Second Nat. Bank, 204 App. Div. 428, 198 N. Y. S. 482, 484.

■ It is observed that petitioners' motion to quash discloses that the pleadings seek a personal judgment only against them as for a moneyed demand, and respondent's counsel insist such suggestion is inquiring into the merits of the cause, which in itself is a waiver of personal service and a submission to the jurisdiction of the court. 4 Corpus Juris, 1320. But merely directing attention of the court to the character of the suit is to only present a predicate for the motion made, and in no manner indicates an attack upon the merits of the cause. To hold otherwise would, in the language of Bacon v. Federal Reserve Bank, supra, "transform an objection to the jurisdiction into a waiver of the objection itself."

·. We may add also, in answer to a suggestion in brief for respondent, that it appears from the record, as we read it, as uncontroverted there has been no personal service. It is so alleged in the motion to quash, and nowhere denied or questioned, and so averred in the petition for mandamus, and not denied in the answer.

In State ex rel. St. Peters M. Baptist Church v. Smith, 215 Ala. 449, 111 So. 28, it was held that the answer of the respondent would be accepted as true to the extent it goes, but beyond that the court looks to the undisputed allegations of the petition.

■ Coming to the merits of the question presented by the petition and the ground upon which the chancellor based his denial of the motion, we are persuaded the record discloses no waiver of petitioners' rights as nonresidents to personal service and no evidence of a voluntary submission to the court's jurisdiction. Following publication of notice as to nonresident defendants to the original bill, petitioner Cullinan on September 6, 1929, filed his motion to quash, which motion was signed by counsel "appearing specially for the purpose of this motion only," and which was prefaced by the following language: "Comes J. S. Cullinan named as one of the respondents in the above styled cause, and appearing solely for the purpose of this motion, and without making a general appearance, and expressly limiting this his special appearance to the purpose of quashing the attempted service of process in this case on him, hereby moves the court to quash the service or attempted service of process upon him in this cause, and for grounds of such motion sets down and assigns the following." Among other grounds of the motion was the proceedings purported to bring the movant under the jurisdiction of the court "in violation of the Fourteenth Amendment of the Constitution of the United States." By decree of October 4, 1929, this motion was sustained, but only to the extent of that ground of the motion as to service by registered mail. The original and cross-bill were subsequently amended. That copies of these amendments were mailed to counsel who had appeared specially as previously indicated can have no bearing upon the merits of the question presented. Publication was had on the amended bill and cross-bill, and November 10, 1930, fixed as the date to plead, answer, or demur. Local counsel at Guntersville makes affidavit that he noticed the publication just two days prior to November 10th, and communicated with counsel at Birmingham, who advised him that the employment was only to resist any attempt to acquire jurisdiction, and that, as the time expired that day, further time should be obtained to file motion to quash.

There were other defendants represented by the same counsel, at least one of whom had appeared and interposed demurrers to the bill, and local counsel prepared the request for further time as applicable to each. The request for further time and the order of the register granting same appear in the report of the case, and a reference thereto, irrespective of the affidavits of local counsel in explanation thereof, will, we think, sufficiently dis-

close that the appearance was limited especially to the purpose of the motion and application, and concluded with the words "without prejudice in any way by reason of this motion and application."

True, the order of the register uses the words "time for pleas, answer or demurrers," omitting the words "or other motion" found in the application, but we do not think that the waiver of so important constitutional rights may be rested upon so narrow a construction, for, as said in Bacon v. Federal Reserve Bank, supra, "the intent and purpose of the context as a whole must control, and, so taken, the intent not to appear generally is apparent."

In Zabriskie v. Second Nat. Bank, supra, speaking to a similar contention, where the extension of time was granted, "to answer or otherwise plead," the court said: "Plaintiff contends that by obtaining this extension of time defendant submitted itself to the jurisdiction of the court, and in effect appeared generally in the action. To so hold would be to totally disregard the conditions under which the order was obtained."

So, in the instant case, the appearance in the application was for a limited purpose, and was to be without prejudice by reason thereof, and the order of extension concludes with the express language, "without prejudice in any way of their rights or by reason of this application."

The Massachusetts court, answering a like argument in Lowrie v. Castle, supra, said: "It is to be borne in mind that this is not a case where a defendant upon whom process has been duly served and who therefore is within the jurisdiction of the court and liable to default if he does not seasonably appear, asks for delay. It is a case where a nonresident defendant who for lack of service upon him is not within the jurisdiction and cannot be brought within it fearing lest the court may regard the service sufficient and default him, comes into court and says in substance that he is in doubt whether to waive proper service and voluntarily appear, or to insist upon his rights as a nonresident, and asks for time to decide. Certainly it is a part of the inherent power in a court to set a time within which the nonresident must make up his mind and act accordingly. And that was all the court did."

And the language of our own court in Oliver v. Kinney, supra, hereinabove quoted, is added authority to like effect.

On December 1st following the order of extension of time dated November 10th, counsel for petitioners entered their motion to quash the attempted service of process upon them, appearing specially and for the express limited purpose of interposing said motion, and again insisting upon their constitutional rights. Petitioner Cullinan filed like motion in the amended cross-bill. These motions were denied upon the theory of an unconditional general appearance by reason of the application for extension of time. But we think an examination of the record discloses, these petitioners have appeared specially in every instance, and only for the purpose of interposing their objection to the jurisdiction, and each step taken has been with such objection in view.

The affidavits of counsel show their employment for only this limited purpose, and whether such limitation was known to opposing counsel or not cannot affect the question, as they suffered no injury thereby.

But this aside, and without consideration of any affidavits, we are of the opinion the record fails to show any general appearance or any act on petitioners' part indicating a voluntary submission to the court's jurisdiction. We have examined many cases and authorities cited by counsel for respondent, among them 4 Corpus Juris, 1317–1345; Cartright v. West, 155 Ala. 619, 47 So. 93; Lane, Bros. & Co. v. Bauserman, 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; Johnson v. West, 43 Ala. 689; Birmingham Flooring Mills v. Wilder, 85 Ala. 593, 5 So. 307; Rorick v. Stilwell (Fla.) 133 So. 609, 617; Lampley v. Beavers, 25 Ala. 534; Bank of St. Marys v. St. John, 25 Ala. 566; Hupfeld v. Automaton Piano Co. (C. C.) 66 F. 788; Ayres v. Western R. Corp., 48 Barb. (N. Y.) 132; but each differs in material respects from the instant case.

As the question is one of intent as evidenced by conduct, each case must of course be determined upon a consideration of that particular record, and any effort to point out the differentiating features of the several authorities would extend this opinion to undue length. Suffice it to say we are of the opinion none of the authorities which have come to our notice militate against the conclusion here reached.

There is a suggestion in brief that motion to quash is premature upon the theory that the parties may yet be found and served in this state or may yet voluntarily appear. But we think such suggestion well answered by the language of Lowrie v. Castle, supra, as follows: "It is not to be supposed that the section was intended to compel the court to continue for further service a case where it is not within the power of the court to issue any notice upon which it can obtain jurisdiction of the parties or proceed to any valid judgment, or in other words where it is not in the power of the court to issue any further service which shall be operative."

Movants properly asserted their rights upon the status of the case as they found it, and the court is to rule in like manner when such action is properly invoked. The course here pursued is that followed in a number of cases, with special reference to the recent case from the Florida court of Rorick v. Stilwell, supra.

Counsel for respondent further suggest that the admission in this proceeding by counsel for petitioner that the publication of notice was regular and complied with the statute justified the action of the court. This admission, however, expressly denied that such publication gave jurisdiction, and was clearly intended only to eliminate any such question and reduce the inquiry to a single matter for determination. Speaking of the question of practice, the court in Rorick v. Stilwell, supra, said: "If jurisdiction had not been obtained, it was proper to move to set aside a void decree pro confesso as an incident to the motion to quash the void service and return * * * and merely filing a motion seeking that object is not equivalent to the entry of a general appearance."

But we forego further discussion. We are persuaded there has been no voluntary submission to the jurisdiction of the court, and that petitioners were entitled to have the attempted service of process upon them quashed, as was prayed in their motion.

Like reasoning applies also to the motion of Cullinan filed to the amended cross-bill.

We conclude, therefore, that petitioners are entitled to the relief they seek, and the writ will issue as prayed.

Mandamus awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

### On Rehearing.

PER CURIAM.

The relief sought against these individual non-resident defendants was personal, and we find nothing in the pleadings which would justify the conclusion that they had any interest in the land and were proper or necessary parties in so far as any relief in rem may be concerned. We considered the case in original opinion in accord with the ruling of the chancellor and as here argued, as we read and understand the briefs of counsel, and we are not persuaded of any incorrectness therein. The application for rehearing is therefore denied.

Application denied.

ANDERSON, C. J., and GARDNER, BOULDIN and FOSTER, JJ., concur.