149 So. 213

### Ex parte HAISTEN.

#### 6 Div. 248.

Supreme Court of Alabama.

June 22, 1933.

F. B. Irwin and W. B. Harrison, both of Birmingham, for petitioner.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for respondent.

KNIGHT, Justice.

Petitioner filed his suit in the circuit court of Jefferson county, Ala., against the Missouri Pacific Railroad Company, seeking to recover damages for an alleged assault and battery committed upon him by an agent, servant, or employee of said company, while he was on or near the railroad track of the defendant, in the town of Council Grove, in the state of Kansas.

Summons to answer the complaint in the case appears to have been served upon the defendant, the Missouri-Pacific Railroad Company, by leaving a copy of the same with "J. M. Due, agent of said company." This return was dated December 9, 1931.

No appearance for the defendant having been filed up to that date, the court on motion of plaintiff entered an interlocutory judgment against the defendant, with leave to plaintiff to prove damages. This interlocutory judgment was entered on May 23, 1932, and on June 13th thereafter plaintiff's damages were assessed by the jury at $2,999, and judgment was rendered on said day, on said verdict, for plaintiff.

On June 25, 1932, the Missouri-Pacific Railroad Company, "*appearing specially for the purpose of making its motion, and for no other purpose, and without submitting itself to the jurisdiction of the court, and without entering a general appearance,*" moved the court to set aside said judgment by default,

and "to reinstate the case on the docket of pending cases," etc. The grounds of said motion may be briefly stated as follows: That the defendant was a foreign corporation, and was not, and is not, doing business by agent in the state of Alabama; was engaged in interstate commerce as a common carrier; operates a line of railroad between several states, no part of its line being in Alabama; does no business by agent in Alabama, except solicitation of freight and passengers to move over its line of railroad. Such agents do not collect payments for transportation of freight, and do not receive or deliver shipments, and have no authority to sell tickets; that the court rendering the judgment did not acquire jurisdiction over the defendant and was without authority to enter judgment by default against the defendant; that the defendant has a "meritorious defense to the cause of action, and that it failed to enter an appearance by reason of accident or mistake"; and the motion then proceeds to state just how the accident or mistake occurred. Other grounds stated need not be mentioned, in the view we take of the case.

This motion was called to the attention of Hon. Richard V. Evans, one of the judges of said court, on June 25, 1932, and by order duly entered the same was set down for hearing on July 11, 1932, and was thereafter regularly continued, and on September 19, 1932, the court, Judge Evans presiding, granted said motion, set aside said judgment, restored the cause to the docket, and granted leave to defendant to file plea in abatement, according to the prayer of the motion.

On October 18, 1932, the petitioner, the said John G. Haisten, filed in this court his original petition, praying for writ of mandamus from this court, directed to the Hon. Richard V. Evans, judge, "commanding him to vacate and set aside the said order, judgment or decree and restore" petitioner's said judgment.

In his petition for mandamus, the petitioner takes the position that the trial court improperly granted the defendant's motion to set aside the default judgment; that the appearance of the defendant, seeking . relief from the default judgment upon both jurisdictional and nonjurisdictional grounds, was, in legal effect, a general appearance, and that it thereby waived process and service of process, and validated the judgment, if there was in fact any defect in the service of the process upon defendant, or in securing jurisdiction of the defendant; that no proof was offered to sustain the facts averred in the motion, or to show that defendant had a meritorious defense; that in granting said motion the court abused its discretion; and other grounds, which we deem it unnecessary to set out in this opinion, but which have had the careful consideration of this court.

In his answer to the petition for mandamus, the respondent judge, among other reasons stated for the justification of his action in setting aside the default judgment, says: "I was satisfied from the evidence offered, that the movant (Missouri Pacific Railroad Company) did not do business by agent in the state of Alabama, and was not subject to suit in Alabama under the decisions of this court and of the Supreme Court of the United States. * * * I was further satisfied that to allow this default judgment for a large amount to stand was unjust. * * * It appeared that movant was not doing business in Alabama, was not subject to suit in Alabama, and that the judgment was void. * * * I further felt that the amount of damages awarded by the jury perhaps was excessive. * * * The motion was filed within the term and within thirty days after the final judgment was rendered, and was kept alive by regular orders of continuance. The judgment was in the breast of the court. Believing that an inequitable and unjust result had been reached, and believing that our courts exist for the administration of justice and not injustice, I felt that not only was it in my power to set aside the judgment, but that it was my duty to do so, and that I could not conscientiously allow the judgment to stand."

An appeal does not lie from the order or judgment of the court in setting aside a judgment by default, and restoring the case to the docket. Therefore, petitioner has not misconceived his remedy by mandamus to have the action of the court here reviewed. Ex parte Parker, 172 Ala. 136, 54 So. 572; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832; Hershey Chocolate Co. v. Yates et al., 196 Ala. 657, 72 So. 260; Ex parte Doak, 188 Ala. 406, 66 So. 64; Ex parte Gay, 213 Ala. 5, 104 So. 898; Brown v. Brown, 213 Ala. 339, 105 So. 171; Gibson v. Farmers' Bank, 218 Ala. 554, 119 So. 664; Mosaic Templars v. Hall, 220 Ala. 305, 124 So. 879.

The petitioner contends that the defendant, in legal effect, made a general appearance when he filed his motion to have the default judgment set aside, and that this result was accomplished by his including in his motion nonjurisdictional as well as jurisdictional grounds; that the legal effect of such a motion was not only to convert his otherwise special appearance into a general appearance, but it served also to validate the previously rendered judgment.

If a personal judgment was rendered against the defendant, a nonresident of the state, without personal service, such judgment would not simply be voidable, but would be absolutely void, as the logical effect of the same would be to deny to the defendant "due process" of law.

■ Every citizen, whether natural or artificial, is entitled to his day in court, and an opportunity to be heard, before being deprived of life, liberty, or property.

" 'The general rule, since the decision of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, is that a personal judgment or decree rendered by a State court against a nonresident of the State upon whom personal service was not perfected, and who did not appear and submit to the jurisdiction of the court, is void.' Margaret K. Stoer et al. v. Ocklawaha River Farms Co. et al., 223 Ala. 690, 138 So. 270, present term. The objection, in such cases, by the nonresident to the jurisdiction of the court is not a *technical one* as suggested in brief by counsel for respondent, but is an assertion of a fundamental constitutional right which has been zealously guarded by the courts both state and federal. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565." Ex parte Cullinan et al., 224 Ala. 263, 139 So. 255, 256, 81 A. L. R. 160. Our own decisions are to the same effect. Stoer v. Ocklawaha River Farms Co. et al., supra; Long v. Clark, 201 Ala. 454, 78 So. 832; Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305.

The petitioner, in support of his contention that the defendant, by its appearance in this cause, under the circumstances disclosed in its motion, gave validity to the judgment theretofore rendered against it, brings to our attention a number of cases, which petitioner asserts are in point; among the cases cited, is our own case of Ætna Ins. Co. v. Earnest, 215 Ala. 557, 112 So. 145.

In the Ætna Ins. Co. Case, supra, a judgment had been rendered against the defendant, and thereafter defendant filed motion to set aside this judgment for and on account of certain acts and conduct (not going to any defect in service of the summons), by which it "was prevented by surprise, accident, mistake, or fraud, without fault on its part, from making its defense." This court, in that case, noted the fact that the motion admitted that "a copy of the summons and complaint in this cause was served on an agent of defendant." And in disposing of the case this court said: "We are of the opinion that the defect [service] was waived by the defendant, when it appeared *generally* and filed a motion to set aside the judgment and grant defendant a new trial on the grounds of surprise, mistake, and fraud." (Italics supplied.)

In the instant case, the defendant took precaution to limit its appearance, and gave the court to fully understand that it was appearing specially for the purpose of "making the motion, and for no other purpose, and without submitting itself to the jurisdiction of this court, and without entering a general appearance."

■ A defendant has the right to limit his appearance, and, in doing so in this case, he was but exercising a legal right, which the court will observe and respect, unless in asserting such right he goes too far, and thereby converts his limited appearance into a general appearance.

In Oliver v. Kinney, 173 Ala. 593, 56 So. 203, 205, we held: "It is obvious that an appearance made for a special purpose ought not to be held to give the court jurisdiction over the defendant, except to the extent of hearing and determining the question which he specially presents to it for consideration."

■■ But if it could be held that the defendant, in making his motion in this cause, went a step too far under his limited appearance (a concession we are unwilling to make under the facts of this case), and thereby converted his special appearance into a general appearance, that act could not deprive the circuit court of its right to set aside a default judgment, control over which it still retained, if, in its judgment, the ends of justice required such action; and such action would be irrevisable here, except for abuse by the court of its discretion. In cases where there is no question of the regularity of service, or in the rendition of the judgment, the court retains control over the judgment for the period of thirty days, and may set the same aside, so long as he retains this control, whenever in his discretion the ends of justice require such action, and this discretionary power is irrevisable by mandamus, or otherwise, except for abuse of its discretion. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Allen v. Lathrop, etc., Lbr. Co., 90 Ala. 490, 8 So. 129; Ex parte Parker, 172 Ala. 136, 54 So. 572.

If the court has such control and power over judgments in cases where no questions arise as to jurisdiction of the defendant, and the regularity of service, it must follow that it had the same power over the judgment in this case.

■■ We are thus at the conclusion that the court, at the time it set aside the default judgment, still retained control over the same, and, under the case made by the petition, and answer of defendant, we are unable to affirm that the trial court abused its discretion in setting aside the default judgment.

■ Having set aside the default judgment, it was within the discretion of the court to allow defendant to file its plea in abatement. Dozier Lbr. Co. v. Smith, etc., Lbr. Co., 145 Ala. 317, 39 So. 714; Hawkins v. Armour Packing Co., 105 Ala. 545, 17 So. 16; Vaughan v. Robinson, 22 Ala. 519.

■ We entertain no doubt but that the order made by the court on May 23, 1932, entering the default judgment against the defendant, was merely an interlocutory order,

188

and could be set aside at any time until the entry of the judgment on the assessment of damages. Ex parte Richerzhagen, 216 Ala. 262, 113 So. 85; Ex parte Mason, 213 Ala. 279, 104 So. 523; Ex parte Overton, 174 Ala. 256, 57 So. 434.

It follows that the writ of mandamus prayed for will be, and is, denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.