31 So.2d 596

**Ex parte UNION PLANTERS NAT. BANK AND TRUST CO. OF MEMPHIS, TENN.**

**8 Div. 381.**

Supreme Court of Alabama.
July 31, 1947.

M. F. Lusk, of Guntersville, for petitioner.

Scruggs & Grass, of Guntersville, for respondent.

SIMPSON, Justice.

This is an original petition for mandamus to require the Honorable W. J. Haralson, as Judge of the Ninth Judicial Circuit of Alabama, to hear and determine the question of the court's jurisdiction of the petitioner, a nonresident of Alabama and allegedly not amenable to the jurisdiction of the state courts. Prohibition was prayed for in the alternative.

One Hooker filed suit against petitioner in the circuit court of Marshall County and the process was purportedly executed May 9, 1946, "by leaving a copy of the within summons and complaint with M. F. Lusk, Guntersville, Ala., agent and attorney for Union Planters Bank & Trust Co., of Memphis, Tennessee." No other steps were taken in the proceedings until July 9, 1946, when petitioner, appearing specially, filed a plea in abatement attacking the jurisdiction of the court on the ground of its nonresidence. On motion of plaintiff Hooker the plea was stricken because filed too late. Petitioner then interposed motion to quash the summons on the same grounds and this motion was also stricken for the same reason.

This proceeding seeks to revise the court's action in the premises (Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A.L.R. 160) and we granted the temporary writ of prohibition pending determination of the propriety of the court's ruling in refusing petitioner permission to test the jurisdiction of the court.

We hold the defendant Bank to have been entitled to be heard on the plea in abatement and, of consequence, will not discuss the ruling on the motion to quash.

The answer of respondent Judge seeks to justify the action in striking the plea because not filed within thirty days as required by circuit court Rule 12, considering it was within the irrevisable discretion of the trial court to disallow its filing after such time, citing Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257, and Ex parte State ex rel. King, 233 Ala. 318, 171 So. 892.

The import of our decision is that the trial court does have a discretion in certain instances on good cause shown to permit the filing of a plea in abatement later than as prescribed by the rule and that the appellate courts, generally, will not revise such ruling.

The instant case, however, presents a different situation. The petitioner, according to the averments of the plea, is a nonresident national banking corporation having its legal situs, its domicile, in a foreign state and hence not presumed to be doing business in Alabama. U.S.C.A., Title 12, §§ 22, 81; In re Standard Oak Veneer Co., D.C., 173 F. 103.

If such was its status, not engaging in or doing business in the state, it could not be forced to submit to the jurisdiction of the court (Cowikee Mills v. Georgia-Alabama Power Co., 216 Ala. 221, 113 So. 4; Philadelphia & Reading Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710), and not having voluntarily done so nor otherwise waived the right to raise the question, the court should have permitted the petitioner to be heard on his said plea.

A judgment under the conditions here alleged against a nonresident, not properly brought into court by due service of process and not having waived jurisdiction, would be void as inconsistent with the rights guaranteed by the Fourteenth Amendment of the Federal Constitution. Stoer v. Ocklawaha River Farms Co., 223 Ala. 690, 138 So. 270; Sweeney et al. v. Tritsch, 151 Ala. 242, 243, 44 So. 184; Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

The force of the decisions on this question is that the objection by a nonresident in such cases to the jurisdiction of the court is not a mere technical one, but the assertion of a fundamental constitutional right to be guarded by both the state and federal courts and "that any rule of court or state statute intended to abridge the right are not to be followed by the federal courts; the question being one which concerns the due process clause of the Fourteenth Amendment to the Federal Constitution. Davidson Bros. Marble Co.

v. United States ex rel. Gibson, 213 U.S. 10, 29 S.Ct. 324, 53 L.Ed. 675." Ex parte Cullinan, supra, 224 Ala. 263, 265, 139 So. 255, 256, 81 A.L.R. 160. See also Stoer v. Ocklawaha River Farms Co., supra; Long v. Clark, 201 Ala. 454, 78 So. 832; Cowikee Mills v. Georgia-Alabama Power Co., supra; Sweeney et al. v. Tritsch, supra; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; St. Mary's Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834.

So, in the circumstances as presented by the petition in the instant case, our view is the trial court erred in the ruling aforesaid and the writ of mandamus should be granted.

The alternative request for a writ of prohibition permanently restraining further prosecution of the matters complained of in the complaint, however, will be denied. The court is one of general jurisdiction with the residuum of power, generally—and in the instant case—to determine the question of its own jurisdiction. Ex parte Textile Workers Union of America, ante, p. 136, 30 So.2d 247.

Mandamus granted; prohibition denied.

All the Justices concur.